### DAVIS *v.* SPURLOCK et al.

An action for damages for the breach of a contract cannot be maintained without proof of the defendant's having been put in default; but when the plaintiff claims a specific performance of a contract for the delivery of a certain article, or, in the alternative, the value of the article, proof of a putting in default is not required. The claim for a specific performance may be united in the same action with a demand of damages. *Per Curiam:* The commencement of the suit for the performance put the defendant in default as to the damages; and, on a failure to comply with the contract, the court was authorized to render a judgment for damages. C. C. 1905.

APPEAL from the District Court of Carroll, *Selby,* J. *Bryan* and *Thomas,* for the plaintiff. *Browder,* for the appellant. The judgment of the court was pronounced by

KING, J. This suit is brought on a joint and several promissory note, made by *R. & J. Spurlock* to the order of *Ellis,* who transferred it by endorsement to the plaintiff. It is given for the delivery of a quantity of cotton, at a place named in the note. The plaintiff claims the delivery of the cotton, or the payment of its value. The defence pleaded in the lower court was a general denial. A judgment was rendered against the defendants, *in solido,* for the value of the cotton, and *J. Spurlock* has appealed.

The execution of the note, and the value of the cotton, are admitted. But the appellant contends in this court, that the demand of the value of the cotton is a claim for damages, and that he has not been put in default, which was a condition precedent to a recovery. If this were an action merely for damages for the breach of the contract, there would be force in the objection. But the plaintiff has instituted his suit upon the original contract, claiming a specific performance. The value of the cotton is only asked for in the alternative, under the interpretation given to the 1905th article of the Code, the two demands may be united in the same action. The commencement of the suit for the performance put the defendant in default in relation to damages, and, upon the failure of the obligors to comply with the contract, the court was authorized to render a judgment for damages, which was the value of the cotton. C. C. art. 1905. 18 La. 512. 7 La. 193. The evidence shows that the defendants were at no time prepared to deliver the cotton at the place indicated in the note.

*Judgment affirmed.*