HAWTHORNE, Justice.
 

 Plaintiff-appellee, Charles W. Lamar, Jr., instituted this suit on January 13, 1945, against H. Martyn Young and Edward R. Morris, for specific performance- of an agreement to purchase a tract of land of about four acres, situated near the City of Baton Rouge, Louisiana.
 

 The basis of plaintiff’s suit is a document styled “Agreement to Purchase”, attached to, and made part of, the petition. This document was dated November 30, 1944, at Baton Rouge, Louisiana, and was addressed to A. L. Haase, Jr., realtor. In this document signed by plaintiff, Charles W. Lamar, Jr., he agreed to purchase the property of H. M. Young and Ned Morris, being approximately four acres, together with the warehouse and improvements thereon, situated off Florida Street, as per title, for the sum of $6000.00 in cash.
 

 This document provided that the act of sale was to pass before plaintiff’s notary within 30 days, and that possession was to be given on the date of sale. It further provided that, in the event title was not valid and could not in a reasonable time and with reasonable expense be made valid, the contract should be null and void without prejudice, and that, in the event plaintiff failed to comply with the terms of the offer, he obligated himself to pay the commission of the realtor.
 

 This offer was accepted by E. R. Morris, who signified his acceptance by signing at the bottom of the document. The signature of H. Martyn Young, the other owner of the property named in the act, did not appear thereto.
 

 In his petition plaintiff alleged that on November 30, 1944, he entered into an agreement with defendants Young and Morris,' in which he agreed to buy the property described in the agreement to purchase; that this document was signed on its date by Edward R. Morris for himself; that Morris was duly authorized to represent the other owner,
 
 Young,
 
 and that Young
 
 *842
 
 was estopped from denying the authority of Morris to represent him and to sign this agreement for him.
 

 The petition alleged that plaintiff requested his attorney to make a title examination; that on or about December 13, 1944, his attorney found the title to be vested in the defendants in indivisión but recommended a survey of the property for the purpose of establishing the particular courses, distances, and boundaries thereof; that a competent civil engineer and surveyor agreed to survey the property for plaintiff but stated that it would be after Christmas before the survey could be completed; that petitioner informed defendants and the real estate broker who represented them that there would be some delay in passing title due to the necessity of having a survey made, and that there was no objection on the part of defendants.
 

 The petition further alleged that on or about December 20, 1944, plaintiff received an offer to lease the property, and that in discussing the proposed lease with defendants he explained to them that the passing of the deed was being delayed pending the survey; that it was clearly stated by him and understood by defendants that the sale was to be passed as soon as the survey was completed, and that defendants made no obj ection thereto; that following this conversation he leased the property on a monthly basis to D. W. Winkleman Compan}?, Inc., of Baton Rouge; that this lease was made and entered into by petitioner with the full knowledge, consent, and approval of the defendants, despite the fact that the deed had not been signed; that the surveyor informed plaintiff that, due to continual bad weather and his state of health, he was prevented from making the survey as planned, and that on January 2, 1945, plaintiff informed the defendant Morris that he did not have the survey; that defendant Morris- told him at that time that he did not think a survey was needed because he, Morris, had a map of the property in his office; that petitioner then informed Morris that, if he had a map which would satisfy his, plaintiff’s, attorney, the title could be passed the next day.
 

 The petition also alleged that on January 4, 1945, defendants abruptly informed petitioner that they had decided not to go through with the agreement due to the fact that the 30-day period stipulated in the agreement had elapsed.
 

 Plaintiff especially pleaded estoppel against the defendants insofar as the time limit was concerned, alleging that the facts set out in the petition evidenced an abrogation by the defendants of the 30-day time limit, or, in the alternative, that the conduct, actions, and words of the defendants constituted a waiver of the time limit; that the defendants by their conduct, actions, and words led petitioner to believe that the date specified in the agreement
 
 *844
 
 had been abrogated, and that defendants were estopped to deny that the time limit had been waived. ■ ,
 

 Petitioner alleged that he was ready, willing, and able to carry out the agreement and pay the purchase price of $6000.00 in cash, but that defendants had failed to sign a deed prepared by his attorney and persisted in refusing to transfer title to him.
 

 To this petition defendants filed an exception of vagueness, which was overruled by the trial court. They then filed an exception of no cause and no right of action. This exception was aimed at the fact that the petition contained no allegation to the effect that plaintiff offered to take title to the property within 30 days from November 30, 1944, the date of the agreement; further, that an extension of time to buy or sell real estate must be in writing, and that the petition contained no allegation that the 30-day time limit was extended by any written agreement, but that, on the contrary, the petition alleged that, due to certain verbal statements made by plaintiff to the defendants or to their alleged real estate broker, the 30-day time limit was extended, and also that the law requires that a contract to buy or sell real estate must be in writing and that a power of attorney to make such contract must also be in writing, and that there was no allegation in the petition that defendant Morris had any written authority to represent the defendant Young. The trial judge overruled the exception as to Morris and referred it to the merits as to Young.
 

 In their answer to this petition defendants admitted the execution by Charles W. Lamar, Jr., plaintiff, and E. R. Morris, one of the defendants, of the document which is the basis of this suit, but specifially alleged that proof in support of the allegations made by plaintiff that Morris was duly authorized to represent Young should be excluded upon objection for the reason that there was no allegation in the petition that Morris had written authority to represent Young. Defendants admitted that, in the event they were required to answer this allegation, Moiris signed the document for himself and was duly authorized to represent the defendant Young.
 

 The other averments of the answer were, in effect, a general denial of the allegations of fact made in plaintiff’s petition.
 

 After answer had been filed by defendants, plaintiff then filed a supplemental and amended petition, alleging that he had suffered damages in the sum of $3000.00 as a result of the refusal of the defendants to execute a deed to the property; that on January 3, 1946, he received from a realtor in Baton Rouge a written offer to purchase the property for the sum of $9000.00 but was unable to convey title and for this reason was damaged to the extent of the difference between the price in this offer, $9000.00, and the price stipulated in the agreement, $6000.00.
 

 
 *846
 
 Defendants excepted to this supplemental and amended petition on the grounds that it changed the issue in the suit and inserted a new issue; that it came too late, and that it did not state a cause of action. With full reservation of their rights under this exception, defendants filed an answer of general denial to the supplemental and amended petition.
 

 The lower court reserved its ruling on this last exception, and after trial on the merits rendered judgment in favor of plaintiff, Charles W. Lamar, Jr., and against the defendants, H. Martyn Young and Edward R. Morris, ordering specific performance by the defendants of the contract which is the basis of this suit, and rejecting plaintiff’s demands for damages as of non-suit. Defendants have appealed from the judgment ordering specific performance.
 

 The record discloses the following material facts:
 

 The agreement to purchase was entered into on November 30, 1944, in the office of a warehouse situated on the property described in the agreement, and was signed by plaintiff Lamar and accepted by defendant Morris. Defendant Young was not present and never signed the contract, although he admitted in his testimony, given under oath, that defendant Morris had authority to represent him. Before Morris signed the agreement, he discussed it with Young, and the entire transaction met with Young’s full approval. The document itself was thereafter presented to Young, who, although he refused to sign it, stated that he would sign the deed when- it was prepared.
 

 After the document had been signed as above set forth, plaintiff Lamar requested his attorney to prepare the act of sale. On or about December 13, according to plaintiff’s petition, his attorney found title to the property to be vested in the defendants in indivisión but was, of the opinion that an accurate description of the property could not be drawn up from a map which he had in his possession and for this reason recommended a survey of the property. Plaintiff then requested a civil engineer of his choice to make a survey of the property, but, due to the illness of the surveyor and the condition of the weather, it being rainy, wet, and cold, the survey was not then made, and so far as the record discloses, never was made.
 

 On or about .December 20, within the 30-day period stipulated in the agreement during which the act of sale was to be passed, plaintiff called at the office of defendant Morris, accompanied by L. S. Cain, vice president of D. W. Winkleman Company, Inc., for the purpose of discussing a lease on the property to that company. Cain, as a witness for plaintiff, testified that on this occasion Lamar told Morris that the act of sale of the property which Cain’s company desired to lease would be passed within two or three days, or within the 30-day period, and that defendant Mor
 
 *848
 
 ris stated to the plaintiff that, if the sale was going to be passed within the next two or three days, plaintiff could go ahead and lease the property, and that he had no objection to the company’s moving its effects on the premises. During this conversation nothing was said by plaintiff or anyone else about the survey or the fact that the passing of the deed was being delayed pending such survey.
 

 According to the testimony of the realtor Haase, plaintiff Lamar did inform him that the sale was being held up awaiting the survey, but the realtor did not remember conveying this information to either of the defendants during the 30-day period. Moreover, he had several conversations with plaintiff Lamar, during which he called his attention to the 30-day clause in the contract and suggested that he hurry with the survey. The realtor never requested the defendants to extend the 30-day period and never informed plaintiff that it had been extended.
 

 On or about January 3, 1945, after the 30-day period had expired, the realtor informed the defendant Morris that Lamar had told him that the formal act of sale had been delayed because he, Lamar, considered a survey necessary in order to obtain an accurate description of the property to be incorporated in the act of sale Morris told the realtor at
 
 that
 
 time that he thought there was a survey available which he would try to find for- the realtor. Later in the day the realtor telephoned the office of Morris and ascertained that no survey had been left there for him. Thereupon he advised the plaintiff Lamar by telephone to get in touch with Morris.
 

 According to plaintiff’s testimony, after receiving this message from the realtor, he called Morris on the same day by telephone at Wilson, Louisiana, and told him that the survey had not been made. Defendant Morris told him that he thought there was already in existence a map from which a sufficient description of the property could be obtained, and plaintiff agreed to meet Morris at his office on the next morning, January 4.
 

 There is some discrepancy in the testimony as to the exact date on which these three conversations took place, but .'the testimony shows that all were on the same day. A photostatic copy of Lamar’s office telephone bill for February, 1945, filed in the record, discloses that he made a personal call to E. R. Morris at Wilson, Louisiana, on January 3. To us this clearly establishes that the conversation between the realtor and Morris, the conversation between the realtor and Lamar, and the conversation by telephone between Lamar and Morris all took place on January 3, after the 30-day time limit stipulated in the agreement had expired.
 

 On January 4, 1945, both defendants informed the plaintiff that the 30-day period
 
 *850
 
 for the execution of the deed had expired, and that they would not pass the act of sale. This suit followed.
 

 According to the testimony of defendant Young, his co-defendant Morris had full authority to represent him and to make the sale of the property here involved provided that-the sale was made during the calendar year 1944, or within the 30-day period stipulated in the agreement to purchase. His reason for desiring the sale to be made during the year 1944 was that it would be more advantageous to him to be able to report his profit from the sale on his 1944 income tax returns; that the agreement to sell was signed near the end of that year at a time when Young was well aware of his financial status for the year; that he, a contractor, expected to be paid large sums during the year 1945 at the completion of several important projects on which he was engaged, and that he was willing to sell the property only if the sale could be completed and the purchase price received so that he could show his profit therefrom on his returns for the year 1944.
 

 The document or agreement attached to plaintiff’s petition is merely an offer to purchase, made by plaintiff Lamar and accepted by defendant Morris for himself and with full authority and approval of defendant Young, and in no way transferred title to the property described in the instrument. By its plain terms, defendants were under no obligation to deliver possession until the purchase price of $6000.00 was paid, and the parties had in contemplation a formal act of sale to be executed, if the title were valid, within 30 days from the date of the agreement, or prior to December 30, 1944. Under these circumstances plaintiff would have a right to demand specific performance only if he himself had complied with all the terms of the agreement.
 

 The act of sale was not passed before plaintiff’s notary within the 30-day period, according to the plain terms of the contract. This being so, did the defendants by their conduct, acts, and words lead plaintiff to believe that the time limit specified in the agreement had been abrogated and was no longer of importance, and are they now estopped thereby to deny that the time limit had been waived?
 

 At no time following the signing of the agreement could Young have done or said anything that misled plaintiff in any respect, for, according to all the evidence, plaintiff never heard from Young, never communicated with him, never wrote him, never received any letter from him, and had no contact whatsoever with the defendant Young. We fail to find in the record any act or statement on the part of Morris which misled plaintiff in any way, or upon which he acted to his prejudice, during the 30-day period from November 30, the date of the agreement, to its expiration on December 30. This is also true with reference to .the realtor Haase.
 

 
 *852
 
 Plaintiff’s attorney having determined by about December 13, 1944, that title to the property was vested in defendants in indivisión, plaintiff of his own volition could not, by waiting for a survey of the property to be made, thereby delay the passing of the formal act of sale beyond the 30-day period, and thereafter compel defendants to convey title by the execution of a formal act of sale.
 

 Although the only reason plaintiff gave in his petition and in his testimony for not passing the act of sale within the 30-day period was that a survey was necessary in order to obtain an accurate description of the property to be incorporated in the deed, he nevertheless filed suit without having-had the survey made' and now, by his demand for specific performance, is seeking to have the property conveyed to him without having the benefit of the information which was to be supplied by the survey.
 

 Plaintiff’s conversation with the realtor Haase and his subsequent telephone conversation with defendant Morris occurred on January 3, 1945, after the 30-day period had elapsed, and it is therefore our opinion that nothing which was said in these conversations could have operated as an estoppel. However, even conceding that these conversations took place within the 30-day period, in our opinion they are not, of themselves, a sufficient basis for plaintiff’s plea of estoppel.
 

 The testimony convinces us that the time element of 30 days was material, particularly as to the defendant Young, who advanced an excellent reason why it was necessary to complete the sale within the calendar year 1944, that is, so that he might show his profit on his 1944 income tax returns and not on his 1945 returns.
 

 Since plaintiff has not appealed or answered the appeal praying that the judgment dismissing his demand for damages as of nonsuit be reversed, that question is not before us, and the judgment as to that demand has become final.
 

 For the reasons assigned, the judgment of the lower court in favor of plaintiff and against defendants, ordering specific performance of the contract to purchase, is reversed, and it is ordered that plaintiff’s suit be dismissed at his costs.