**DI CRISTINA v. WEISER.**

No. 39018.

June 30, 1949.

Rehearing Denied Nov. 7, 1949.

Chàrles E. Cabibi, New Orleans, for plaintiff and appellee.

William J. Daly, John D. Nix, Jr., New Orleans, for defendant and appellant.

McCALEB, Justice.

This is a suit for specific performance of a contract to sell and purchase real estate. On February 6, 1946, plaintiff of-

fered to purchase the premises 2231–33 Canal Street in the city of New Orleans for $40,000 cash, contingent upon his ability to borrow $30,000 from a homestead or other source at a rate of interest not to exceed 5% and for a period of not less than fifteen years. The offer was executed on a standard form provided by the Real Estate Board of New Orleans and was addressed to C. E. Stauss, agent for the defendant, Mrs. Norma Conlon Weiser. It provided, among other things, that a formal act of sale was to be passed on or prior to April 2, 1946, at purchaser's expense, before a Notary Public of his choice and that, upon acceptance of the offer, he would deposit with the realtor the sum of $4000 in cash. It also stipulated:

"In the event that purchaser fails to comply with this agreement within the time specified, the vendor shall have the right, either to declare the deposit, ipso facto, forfeited, without formality and without placing purchaser in default, time being of the essence of this contract; or the vendor may demand specific performance. * * * In the event that the vendor does not comply with this agreement to sell within the time specified, the purchaser shall have the right either to demand the return of double the deposit, or specific performance."

Upon obtaining plaintiff's signature, the real estate agent contacted the defendant and endeavored to have her accept the offer. She informed him that she would not sign until the contract was approved by her attorney, Mr. Warren V. Miller (now deceased). The realtor thereupon communicated with Mr. Miller, who was ill at home and unable to transact business. Mr. Miller advised the realtor to consult his office associate, Mr. John H. Hammell, Jr., who was attending to his affairs during his absence. Accordingly, Mr. Stauss repaired to Mr. Hammell's office where the latter read the contract and approved it as to form with the exception of the phrase "time being of the essence of this contract" which he deleted in ink because (according to his testimony) he knew that Mr. Miller had a "fetish" against that provision. After obtaining Mr. Hammell's approval (except as above stated), Mr. Stauss brought the offer to Mrs. Weiser; it was accepted in writing by her and the deletion of the phrase "time being of the essence of this contract" was "o. k'd" by both parties.

Subsequently, plaintiff applied to the Whitney National Bank for a $30,000 loan and, on February 15th, it agreed to lend that amount provided it be secured by a mortgage not only on the Canal Street property (the subject of the contract) but also on other properties situated on Nashville and St. Charles Avenues standing in plaintiff's name. The bank also requested that it be furnished with the deed of Mrs. Weiser. On March 12th, Mr. Stauss obtained the deed from Mr. Miller and delivered it to the bank on the following day. Nothing further was done toward the

consummation of a sale on or before April 2nd, as stipulated in the contract, and that date passed apparently without notice.

Later, on May 6, 1946, the attorney for the bank rejected defendant's title on the ground that it was suggestive of serious litigation. Thereafter, the matter remained dormant until July 11th, when Mr. Miller, in answer to the letter of May 6th of the bank's attorney, wrote to plaintiff disputing the title defects complained of therein and requested that plaintiff notify him whether or not he intended to take title to the property. On July 17th, plaintiff's attorney answered Mr. Miller's letter stating that plaintiff wanted to consummate the transaction and that he would be willing to do so on August 1st provided certain defects in the title were corrected. Thereafter, a series of discussions and negotiations were had between plaintiff's counsel and Mr. Miller, having in view a reparation of the alleged defects in the title. Finally, after certain curative work, it was agreed between them that the act of sale would be passed on October 1st. Defendant was notified to this effect during the latter part of September by Mr. Miller's wife (as he was then too ill to contact her himself). Defendant testifies that she was surprised by Mrs. Miller's message as she was without knowledge of Mr. Miller's conferences and agreements and that she had long since assumed (after April 2nd) that the contract was at an end. Becoming alarmed by the sudden turn of events, she consulted her present counsel respecting her rights and was advised by them that she was not obliged to convey the property.

Upon defendant's failure to appear and execute the deed on October 1, 1946, plaintiff placed her formally in default and thereafter brought this suit for a specific performance coupled with a demand for damages and attorneys' fees.

In the lower court, there was judgment ordering a specific performance and plaintiff was awarded $1,117.50 for costs and attorneys' fees. Wherefore this appeal.

Defendant's main ground of resistance is, as suggested above, that plaintiff defaulted under the agreement in failing to take title on or before April 2, 1946 and that, therefore, he is not in a position to demand specific performance.

In view of the stipulation that the purchaser is in default without formality upon his failure to take title to the property on or before April 2, 1946, it would appear that defendant's plea is well founded as the language contained in the form of contract used by the parties is very clear and explicit.

But plaintiff maintains that a noncompliance with the provision did not have the effect of placing him, ipso facto, in default because time is not of the essence of the contract. And, as proof of the validity of this argument, plaintiff's counsel points to the deletion by the parties of the phrase "time being of the essence of this con-

tract" which is contained in the printed form used in the confection of the agreement.

■ The contention cannot be sustained. In the first place, the deletion of the phrase "time being of the essence of this contract" did not affect the clarity of the language which remained and, therefore, strictly speaking, there is no room for interpretation—for the condition reads "in the event that purchaser fails to comply with this agreement within the time specified, the vendor shall have the right, either to declare the deposit, ipso facto, forfeited, without formality and without placing purchaser in default or the vendor may demand specific performance".

Article 1945 of the Civil Code provides that legal agreements have the effect of law upon the parties and "none but the parties can abrogate or modify them"; that the courts are bound to give legal effect to all contracts according to the true intent of the parties and that the intent "is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences".

■ However, it is suggested (and with some plausibility that, in examining the contract as a whole, we are bound to give due consideration to the action of the parties in deleting the phrase "time being of the essence of this contract" inasmuch as its elimination seems to be inconsistent with a.strict enforcement of the remaining provisions which declare that failure to perform within the time specified renders

the purchaser in default without formality. Viewed in this light, it would be imperative to determine whether the parties really intended to give credence to the time stipulation, as clearly expressed in the contract. Assuming, therefore, that the deletion makes the provision obscure, we would be required to resort to extrinsic evidence in order to perceive the true intent of the parties. Holloway Gravel Co., Inc., v. Mc-Kowen et al. 200 La. 917, 9 So.2d 228; Rudman v. Dupuis, 206 La. 1061, 20 So.2d 363; Krauss v. Fry, 209 La. 250, 24 So.2d 464 and Voelker v. Spearman, La.App., 26 So.2d 232.

But even this method of interpretation avails nothing to plaintiff. Albeit, the only parol evidence which sheds any light on the reason for the elimination of the phrase "time being of the essence of this contract" reveals that it was done merely because defendant's lawyer disliked the expression and was in the habit of striking it out of all real estate contracts upon which he was required to give an opinion. Defendant testified that she paid little attention to the deletion as it was her understanding, from the language of the contract, that the sale had to be passed on or before April 2, 1946, otherwise, the contract would be at an end. Plaintiff signed the offer before the phrase was eliminated; he did not testify as to his belief respecting the effect of the elimination and it apparently did not give him any concern whatever. Hence, we hold that the contract required plaintiff to take title on or before April 2, 1946 and

that, by its terms, he defaulted by his failure to do so.

Since plaintiff was in default on and after April 2, 1946, he could not subsequently place defendant in default as Article 1913 of the Civil Code provides that, in commutative contracts where reciprocal obligations are to be performed at the same time, "the party who wishes to put the other in default, must, at the time and place expressed in, or implied by the agreement, offer or perform, as the contract requires, that which on his part was to be performed, otherwise the opposite party will not be legally put in default." See Stafford, Derbes & Roy v. De Gruy, 172 La. 160, 133 So. 430.

Plaintiff also contends that, even if it be held that he was required to take title on or before April 2, 1946, defendant's attorney waived the performance of this condition and that she is now estopped from relying thereon.

This proposition is not tenable. Inasmuch as this is a contract to purchase and sell real estate, any extension of time for performance, where failure to comply, ipso facto, places the offeror in default, would have to be in writing under Article 2276 of the Civil Code. Counsel for defendant made timely objection to any parol evidence offered by plaintiff for the purpose of showing that defendant's former attorney had consented to an extension of time. The objection should have been sustained.

In Conklin v. Caffall, 189 La. 301, 179 So. 434, 437, wilth Chief Justice O'Niell as organ of the Court, it was said:

"On the trial of the case Conklin offered to testify that the reason why he did not comply with the conditions of the instrument dated February 3, 1933, within the three years stipulated was that Caffall verbally consented to extend the time for complying with the conditions. This testimony was objected to on the ground, stated in article 2276 of the Revised Civil Code, that parol evidence is not admissible against or beyond what is contained in a written contract, nor as to what may have been said by the parties before or at the time of making the contract, or since. This rule of evidence does not forbid the proof of a subsequent verbal agreement, modifying or even abrogating a written contract, if the contract or agreement is one which is not required to be in writing. Salley v. Louviere, 183 La. 92, 162 So. 811. But a contract to transfer immovable property must be in writing. Rev.Civ.Code, art. 2275. And, according to article 2462 of the Revised Civil Code, as amended by Act No. 27 of 1920, p. 28, a promise or option to sell real estate is not valid unless given in writing. Hence an extension of the time stipulated in a written promise or option to buy or sell real estate must be in writing. And it has been decided that the acceptance of an option for the purchase of real estate must be made in writing and tendered to the proposer before the expiration of the

time stipulated in the option. Barchus v. Johnson, 151 La. 985, 92 So. 566."

Thus, in the instant matter any oral agreement by defendant's former attorney waiving plaintiff's default or agreeing to extend the time of performance was inadmissible in evidence and not binding on defendant. And, even if the agreement to extend had been in writing, it would not be enforceable against defendant for the reason that her attorney did not have written authority to contract for her with reference to the real estate. Articles 2992 and 2997 of the Civil Code; Muggah v. Greig, 2 La. 593; Badon v. Badon, 4 La. 166; Mumford v. McKinney, 21 La. Ann. 547; Hackenburg v. Gartskamp, 30 La.Ann. 898; McKenzie v. Bacon, 40 La. Ann. 157, 4 So. 65; Whelage v. Lotz, 44 La.Ann. 600, 10 So. 933; Noble v. Plouf, 154 La. 429, 97 So. 599; Lewis v. King, 157 La. 718, 103 So. 19; Turner v. Snype, 162 La. 117, 110 So. 109.

Counsel for plaintiff asserts that Conklin v. Caffall, supra, may be distinguished from the instant case because, here, time is not of the essence of the contract and that, at all events, plaintiff's failure to comply within the time specified was shown to be caused solely by the fault of the defendant in delaying the title examination for approximately five weeks.

The point that the defendant delayed the title examination for approximately five weeks is wholly without merit. While it is true that defendant's former counsel did not immediately forward a certified copy of the title deed to the Whitney Bank upon request, neither the bank, plaintiff nor any one else complained about the delay. As a matter of fact, there is no showing whatever that the sale could not have been passed within the time specified in the agreement or that the delay in receiving a copy of the deed impeded the examination to any extent.

Counsel's other contention that the ruling in Conklin v. Caffall is inapplicable because time is not of the essence of this contract is not well founded because we have hereinbefore held directly to the contrary. For this reason, the case of Johnson v. Shreveport Properties, 213 La. 485, 35 So.2d 25 is not in point. Lamar v. Young, 211 La. 837, 30 So.2d 853, another case cited by plaintiff, is in line with our ruling here as, there, the demand was denied on the ground that plaintiff defaulted by failing to take title within the time specified, as time was of the essence of the contract.

Counsel also relies upon the decision of the Court of Appeal for the Parish of Orleans in Coci v. Johness, Inc., La.App., 37 So.2d 823, where it was held that a verbal agreement extending a time limit set in a contract to sell real estate could be proved by parol evidence. That decision, insofar as it may be contrary to Conklin v. Caffall, cannot be followed.

The judgment appealed from is reversed and plaintiff's suit dismissed at his costs.

HAMITER, J., concurs in the decree.

O'NIELL, C. J., takes no part.