REGAN, Judge.
Plaintiffs, Alice B. Dean and John D. Bartlow, Jr., lessees of the Walnut Hotel, located in 627 St. Charles Street, instituted this suit against defendants, Mr. and Mrs. Joseph J. Pisciotta, the lessors thereof, to compel the defendants to m,ake certain structural alterations, installations and repairs to the leased premises in conformity with the regulations and innumerable notices of the State Fire Marshal’s Office and the Department of Electrical and Mechanical Inspection of the City of New Orleans, or, in the alternative, that plaintiffs be permitted to deduct the cost thereof from the rent due defendants.
*870 Defendants filed exceptions of “misjoin-der of parties defendant”, “vagueness” and “no cause or right of action”, all of which were overruled by the court, a qua, and then answered denying that they were required, under the terms of the lease, either to cause to be made, or pay for the alterations, installations and repairs which the Fire Marshal and the Department of Public Safety had insisted upon and, in addition thereto, plaintiffs had inspected the premises prior to the confection of the lease.
From a judgment in favor of plaintiffs authorizing them to deduct the sum of $420.50 from the rent, defendants prosecute this appeal.
The record reflects that defendants owned and operated the premises designated by the municipal number 627 St. Charles Street as the Walnut Hotel. On April 1, 1946, plaintiffs and defendants entered into a written lease of the hotel for a period of five years at a rental of $250.00 per month and simultaneously defendants sold to plaintiffs the furnishings therein, the good will and the trade name thereof, Walnut Hotel, for the sum of $22,500.00. It was the intention of t'he parties that a hostelry would continue to exist in the premises as is self-evident from the lease and the sale of the furnishings and fixtures contained in the premises.
Several months after the lease was con-fected or on October 3, 1946, the State Fire Marshal notified both plaintiffs and defendants, in writing, that the existing condition of the premises was in violation of the State law in the following particulars: “Hot water heater not vented. Passageway to fire escape in front of building is blocked by rooms. No exit lights. At time of our inspection rear stairs were partly blocked.” Accompanying this notification were recommendations by the Fire Marshal as to the manner in which the existing violations could be corrected. These notices of the State Fire Marshal, more insistent and embellished, were reiterated under the respective dates of November 20, 1946, January 31st, 1947 and “Final Notice” August 12, 1947.
On September 30th, 1947, the Department of Electrical Inspection of the City of New Orleans notified plaintiffs of the existence of defective wiring in the premises and, under the respective dates of October 17th, 1947 and November 3, 1947, the Mechanical Inspection Department of the City of New Orleans and the Fire Prevention Division of the New Orleans Fire Department, in effect reiterated but, in more detail, the State Fire Marshal’s notice of October 3, 1946 and set forth in this notice that the condition of the premises were in violation of various ordinances of the City of New Orleans.
All of the aforementioned notifications of the State and City Agencies contained the applicable provisions of law which stipulated penalties for noncompliance therewith, such as fine and imprisonment and the threat of closing the hotel.
Under date of October 27th, 1947, plaintiffs filed this suit and during the pendency thereof, both plaintiffs and defendants amicably or otherwise made all of the requisite alterations, installations and repairs to the premises including venting of the hot water heater, the cost of which amounts to $40.00 and the electrical rewiring of the premises amounting to the sum of $380.50 or a total of $420.80 which was paid for by the plaintiffs.
The only question, therefore, posed by virtue of this appeal is whether the plaintiffs, lessees, or defendants, lessors, are liable for the cost of the aforementioned items amounting to the sum of $420.80.
Plaintiffs contend that the defects which were set forth in detail in the various notices referred to hereinabove, including the venting of the hot water heater, and the electrical rewiring of the premises were “structural defects” within the meaning of the lease, which provided that “the upkeep and maintenance of the premises are assumed by the lessees, however, the lessees are not bound to make any repairs resulting from structural defects” and therefore it is incumbent upon defendants to assume the cost of effecting the correction of these defects.
*871 Defendants, in opposition thereto, also rely on the lease in resisting the claim of plaintiffs in connection with the electrical rewiring of the premises and point to the following provision thereof: “In case of the tenant introducing, or now having, electric lighting in the leased premises, he shall comply in every respect, at their own expense, with the rules and regulations of what is known as the Louisiana Fire Prevention Bureau, or those of any other similar association in existence at the time * * (Italics ours.)
Defendants further maintain that the “hot water heater was visible to the naked eye, the tenant knew at the time that the hot water heater was not vented”, plaintiffs having inspected the premises prior to the confection of the lease, and therefore “such repairs should be made at the expense of the tenant and not the lessor.”
In our opinion defendants’ position is well taken with respect to resisting the claim of plaintiffs in connection with the electrical rewiring of the premises in view of the fact that the contract of lease specifically provides that “in case of the defendant introducing, or now having, electric lighting in the leaded premises, he shall comply in every respect, at their own expense, with the rules and regulations of what is known as the Louisiana Fire Prevention Bureau, or those of any other similar association in existence at the time * * */’ (Italics ours.)
Article 1945 of the Civil Code provides that legal agreements have the effect of law upon the parties and “none but the parties can abrogate or modify them”; that the courts are bound to give legal effect to all contracts according to the true intent of the parties and that the intent is “to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences”. Di Cristina v. Weiser, 215 La. 1115, 42 So.2d 868, 870.
The purpose of the provision requiring the lessees to “comply in every respect, at their own expense, with the rules and regulations of what is known as the Louisiana Fire Prevention Bureau, or those of any other similar association in existence at the time” was to impose upon the lessees obligations which the law would otherwise have placed upon the lessors. Ghisalberti v. Lagarde, La.App., 146 So. 763.
It is, therefore, our opinion that the plaintiffs cannot recover the sum of $380.50 for the rewiring of the premises.
Turning our consideration now to ascertain upon whom liability should rest for the cost of having the hot water heater vented, we are of the opinion that plaintiffs are not entitled to recover the sum of $40.00 for consummating this work. An analysis of the evidence reveals that in November of 1946, approximately seven or eight months after the lease was signed, plaintiffs voluntarily and, in the full exercise of their discretion, and through the medium of Raymond Jefferson, a plumber they selected, removed two existing unvented hot water heaters and, as a substitute therefor, installed a new hot water heater, at their expense, which they also selected. Simultaneously, plaintiffs were informed or cautioned, if you will, by the plumber, of the absolute necessity -of venting this new heater in conformity with the prescribed rules and regulations of both the City and State, whose respective agencies are interested in matters of this nature. The plumber testified that while it was true the old heaters were unvented (which fact is disputed by defendants) that “there was a hole for the vent”. The terms of the lease only required plaintiffs to “repair and keep said pipes and plumbing in good condition at their expense”, however, when plaintiffs undertook to substitute the old unvented water heaters with a new water heater, at their own expense, and installed under their supervision, by the same token it obviously became their reciprocal obligation to ascertain that this new hot water heater was installed in conformity with the law prescribed therefor, and it affords plaintiffs no relief to say, in order to avoid liability for the cost of venting this hot water' heater, “I was conforming to what I found existing”, because the proper venting of the new heater was only a cost incident to and in connection therewith which plaintiffs *872 had , assumed when they undertook the installation of the new hot water heater.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the defendants dismissing plaintiffs’ suit at their cost.
Reversed.