95 So.2d 632 (1957)
232 La. 996
Leon John EVERHARDT
v.
Richard SIGHINOLFI.
No. 43130.
Supreme Court of Louisiana.
May 6, 1957.
*633 Joseph Rosenberg, New Orleans, for appellant.
Charles E. de la Vergne, New Orleans, for defendant-appellee.
HAMITER, Justice.
Specific performance of a contract to sell real estate is demanded herein. The suit was dismissed on exceptions of no right and no cause of action, and plaintiff is appealing from the judgment.
For the purpose of passing on the exceptions the well pleaded allegations of fact of the petition, as well as the contents of the annexed document, are to be accepted as true. These reveal that on November 7, 1955 plaintiff and defendant consummated a written contract wherein the former agreed to purchase and the latter to sell the premises known as Nos. 1718-20 North Rampart Street, in the City of New Orleans, for $18,500 cash, it being stipulated that the act of sale was to be passed before purchaser's notary on or prior to March 1, 1956. At the time 10% of the purchase price was deposited with the real estate agent. Thereafter, plaintiff caused the title to be examined and made other necessary arrangements to effect the purchase.
On or about December 1, 1955, when seeking to contact defendant, plaintiff was informed by defendant's wife that he had left the United States and would not return until about February 1, 1956. Prior to the latter date (and thereafter) plaintiff was ready, willing, able, and eager to take title; and, in the absence of the defendant from the country, he communicated this information to the defendant's wife, telling her that February 1, 1956 at 2:00 P.M. o'clock was the time set for passage of the act of sale. He was then informed that defendant would not return until sometime in April, 1956. On February 1 plaintiff again contacted such wife and learned that defendant had not given anyone a power of attorney for the passing of title. Nothing further was done within the time (on or prior to March 1, 1956) fixed in the written agreement for executing the act of sale.
Defendant did not return to the United States until April 12, 1956. Immediately thereafter plaintiff notified him to appear in the notary's office on April 20, 1956, at 3:30 P.M. o'clock, to transfer title. Plaintiff was there at the designated time ready, willing and able to comply with the terms of the contract; but the defendant did not appear, he having informed plaintiff that he would not complete the sale.
*634 This suit was filed four days later pursuant to the following provision contained in the annexed written contract: "In the event the seller does not comply with this agreement within the time specified, the purchaser shall have the right either to demand the return of his deposit in full plus an equal amount to be paid as penalty by the seller; or the purchaser may demand specific performance, at his option." (Emphasis ours.)
The petition, in our opinion, states both a right and a cause of action. As above pointed out it shows that within the specified time plaintiff was fully prepared and eager to accept title, and he so informed defendant's wife; whereas the defendant prevented the timely passage of the sale by his having absented himself from the United States throughout the mentioned period without leaving a power of attorney. And according to an express provision of the contract (above quoted) plaintiff had the right to demand specific performance such as he now seeks, on defendant's failure to comply with the agreement.
Under the sustained exceptions of no right and no cause of action the defendant takes the position that, for the success of this suit, plaintiff was required to formally place him in default prior to the last date for performance, and that such was not done. Seemingly, an act of that kind would have been premature for defendant had almost until the last moment of the designated date to tender title (Revised Civil Code Article 2057). Be that as it may the absence of defendant rendered impossible his compliance with the agreement; and any formal demand made on him to comply would have been vain and useless.
The cases cited by defendant in support of his position are inappropriate because of dissimilar factual situations. In Di Cristina v. Weiser, 215 La. 1115, 42 So.2d 868, and Hoth v. Schmidt, 220 La. 249, 56 So.2d 412, primarily relied on by him, the involved contracts of sale contained a provision (not found in the instant agreement) reciting as follows: "In the event that purchaser fails to comply with this agreement within the time specified, the vendor shall have the right, either to declare the deposit, ipso facto, forfeited, without formality and without placing purchaser in default * * *; or the vendor may demand specific performance. * * *" By reason of this provision, together with a failure of tender on the part of the purchasers, the demands of plaintiffs were denied (for specific performance in the Di Cristina case and for double the amount of the deposit in the Hoth case). In each the court held that the above italicized language of the contract automatically placed the purchaser in default on his failure to tender performance within the time specified (according to Revised Civil Code Article 1911(1) a party is deemed to be in default by the mere act of failure to comply if and when the contract specially so provides); and having been in legal default the plaintiff purchaser could not succeed in his demand. (Emphasis ours.)
In Davis v. McCain, 171 La. 1011, 132 So. 758, Lamar v. Young, 211 La. 837, 30 So.2d 853 and Harrell v. Stumberg, 220 La. 811, 57 So.2d 692, also cited by this defendant, the demands of the respective purchasers were rejected for the reason that they (unlike this plaintiff) were not ready, willing and able to take title within the time fixed in the contracts.
Differing radically from the above quoted contractual language involved in the Di Cristina and Hoth cases, the provision contained in the instant agreement respecting the purchaser reads: "In the event purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance." This language clearly negatives the idea of the purchaser's being in automatic default for mere failure to perform, it requiring that before the deposit is forfeited the vendor *635 must tender title. And it follows that, since the defendant herein did not tender a title, this plaintiff (unlike the purchaser plaintiffs in the Di Cristina and Hoth cases) was not in legal default. Accordingly, he could place defendant in default and demand specific performance. This course is contemplated by Revised Civil Code Article 1911(2) reciting: "The debtor may be put in default in three different ways: by the term [terms] of the contract, by the act of the creditor, or by the operation of law:

* * * * * *
"2. By the act of the party, when at or after the time stipulated for the performance, he demands that it shall be carried into effect, which demand may be made, either by the commencement of a suit, by a demand in writing * * *." (Italics ours.)
In J. F. Auderer Laboratories, Inc., v. Deas, 223 La. 923, 67 So.2d 179, 183, 45 A.L.R.2d 1026, which was a specific performance action to enforce an executory contract to sell, this court applied such codal provision and said: "* * * counsel contends that, in any event, defendants have been guilty only of a passive breach of the contract and that it was therefore an indispensable prerequisite to the cause of action that it be shown that they have been placed in default.
"The short answer to this point is that the bringing of this suit was a sufficient putting in default under Article 1911 of the LSA-Civil Code. This is a suit for specific performance; it is not an action for damages for the violation of a contractit has for its object the enforcement of the agreement. In such instances, the bringing of the suit is a putting in mora. Davis v. Spurlock, 3 La.Ann. 208 and Healy v. Southern States Alcohol Mfg. Co., 136 La. 1080, 68 So. 132."
For the reasons assigned the judgment appealed from is reversed and set aside, the exceptions of no right and no cause of action are overruled, and the case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed. Appellee shall pay the costs of this appeal, and all other costs shall await the final determination of the litigation.