HEARD, Judge.
Bernard A. Finkel, as trustee under the will of Julia Levy, instituted suit against Texas-Edwards, Inc. for damages allegedly sustained by him by a breach of an agreement entered into between decedent, Julia Levy, and defendant, Texas-Edwards, Inc. An answer was filed to Finkel’s petition, and on the day set for trial, defendant filed a peremptory exception of no cause or right of action based upon the argument that Finkel appears as trustee under the will of Julia Levy in order to assert rights which it is alleged exist by virtue of a written agreement between Julia Levy and Texas-Edwards, Inc.; that the purported written agreement provides for an indemnity running in favor of Julia Levy or her “heirs, executors, administrators, and assigns”, and as Finkel is neither an heir, executor, administrator nor an assign, he is therefore incompetent to assert the demands. This exception was sustained with leave to amend. Finkel then filed a first supplemental and amended petition alleging that he appeared as executor of and trustee under the will of Julia Levy, deceased. To the first supplemental and amended petition Texas-Edwards, Inc., reserving all rights under exceptions previously filed, filed another exception of no cause or right of action asserting that despite the allegation that Finkel appears as executor of and trustee under the will of Julia Levy, Finkel alleges that he has been sent into possession of the property of Julia Levy in Caddo Parish as trustee, and this allegation indicates that his status as executor no longer exists ; that he has no status at this time except that of trustee and the agreement he *767 seeks to enforce was for the benefit only of Julia Levy, “her heirs, executors, administrators and assigns”, and as trustee he is neither an heir, an executor, an administrator nor an assign, and has therefore alleged neither a cause nor a right of action against exceptor.
From a judgment sustaining the exception and dismissing the suit, plaintiff appealed.
The only issue before this court is whether or not plaintiff has stated a cause or right of action. Although an agreement between Julia Levy and Texas-Edwards, Inc. is alleged and exceptions are based upon this document, we fail to find the document or the succession proceedings filed in this court. In passing upon an exception of no cause of action, our Supreme Court stated in Elliott v. Dupuy, 242 La. 173, 135 So.2d 54:
“It is well settled that an exception of no cause of action addresses itself to the sufficiency in law of the petition and is triable on the face of the papers ; that for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true, and that a suit will not be dismissed on exception of no cause of action if allegations of fact set forth a cause of action as to any part of the demand. Spiers v. Davidson, 233 La. 239, 96 So.2d 502, and cases there cited. See also Everhardt v. Sighinolfi, 232 La. 996, 95 So.2d 632. . . ” [135 So.2d 54, 55]
As no documents have been filed in this court we are relegated only to the pleadings in deciding the exception of no cause or right of action.
Plaintiff affirmatively alleged that as trustee in the first petition, and as executor and trustee in the second petition, he filed this suit to enforce the agreement. Defendant asserts that the agreement is only for the benefit of Julia Levy, “her heirs, executors, administrators and assigns”. As we have no documents in evidence that state anything contrary to plaintiff’s allegations, they are accepted as true and on this point plaintiff has alleged a cause of action.
Texas-Edwards, Inc. next asserts that the document is an indemnity agreement and that Finkel fails to allege a cause of action for the reason that he, as executor, has not been injured by defendant’s acts. Paragraph 18 of Finkel’s petition states:
“As a result of the foregoing, plaintiff has sustained damages in the sum of $500,000.00. ...”
We find that this allegation, together with allegations in Paragraphs 10 and 10A of the petitions which state:
“10
“Pursuant to the provisions of the aforementioned agreement dated May 2, 1957, as amended as aforesaid, the defendant by written agreement made August 25, 1959 between said Julia Levy and the defendant, and delivered August 31, 1959, the defendant covenanted and agreed, for the benefit of said Julia Levy, her heirs, executors, administrators and assigns, (a) to perform all of the terms, provisions and conditions on the part of the defendant to be performed in the mortgage and in the note secured thereby given by the defendant in connection with the aforementioned mortgage loan; and (b) to indemnify and save said Julia Levy harmless for all loss, cost, damage and expense, including attorney’s fees, suffered or incurred by said Julia Levy by reason of any default by defendant under said mortgage and the note secured thereby.
“10A
“All of the rights and benefits due Julia Levy under the agreement referred to in Paragraph 10, above, accrued to plaintiff upon the death of Julia Levy and pursu *768 ant to the proceedings referred to in Paragraphs 1, 1A, IB, 1C and ID of this First Supplemental and Amended Petition.”
that the plaintiff has alleged injury.
For the reasons assigned, the judgment of the trial court is reversed and the case remanded to the First Judicial District Court of Caddo Parish for further proceedings.
Costs are to be paid by appellee.