279 So.2d 725 (1973)
James H. FORTENBERRY
v.
Janette M. Piper DECAY.
No. 9392.
Court of Appeal of Louisiana, First Circuit.
May 30, 1973.
Rehearing Denied July 5, 1973.
Writ Refused September 7, 1973.
*726 Vanue B. Lacour, Baton Rouge, for appellant.
Ralph L. Roy, Baton Rouge, for appellee.
Before: LOTTINGER, ELLIS and CRAIN, JJ.
ELLIS, Judge.
This is a suit for specific performance of a contract to purchase immovable property. Plaintiff is James H. Fortenberry, and defendant is Janette M. Piper Decay. From a judgment rejecting his demands, plaintiff has appealed.
On November 27, 1971, plaintiff signed an offer to purchase a piece of immovable property belonging to defendant for $7,000.00 cash, and the offer was accepted by defendant. Plaintiff deposited $300.00 with the real estate agent. The contract provided that the sale was to be executed on or prior to December 23, 1971, and contained the following pertinent provisions:
"In the event the seller fails to comply with this agreement within the time specified or for any other reason, the purchaser shall have the right either to demand the return of his deposit in full plus an equal amount to be paid as penalty by the seller; or the purchaser may demand specific performance, at his option.
"In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso-facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance."
Title to the property was examined and found to be clear, except for an outstanding mortgage. Mrs. Decay, a resident of New York, then advised plaintiff's attorney that she wished to mortgage another piece of property in place of the subject parcel, and retain all cash received from the sale. She also advised that she wished to give her brother power of attorney to handle the transaction for her. On December 21, 1971, plaintiff's attorney advised her that the mortgage was agreeable, but that a title examination of the second parcel would be necessary, and outlined the additional fees and costs. On January 3, 1972, defendant wrote and approved this work being done.
On January 24, 1972, plaintiff's attorney advised defendant of a mortgage on the second parcel which had to be cancelled, and forwarded the necessary powers of attorney. On February 12, 1972, defendant was once again in Baton Rouge, but would not execute the documents until the mortgage *727 on the second parcel could be cleared by her attorney. The attorney took several weeks clearing the mortgage, and thereafter, when defendant was advised that the transaction was ready, she decided she no longer wanted to sell the property to plaintiff.
On April 27, 1972, she was put in default and specific performance was demanded. This suit followed. The district judge held that, since no written extension of time was granted, the contract expired on December 23, 1971, when plaintiff failed to put defendant in default. In so holding, the trial judge relied on the cases of Lamar v. Young, 211 La. 837, 30 So.2d 853 (1947); Harrell v. Stumberg, 220 La. 811, 57 So.2d 692 (1952); and Wells v. Spears, 255 So.2d 215 (La.App. 1 Cir. 1971). We find that these cases, and others to the same effect, such as Di Christina v. Weiser, 215 La. 1115, 42 So.2d 868 (1949), are not applicable in the instant case. All of those cases involve situations in which the plaintiff, seeking specific performance, was in default at the end of the time stipulated in the contract to sell, under the terms thereof. Such cases fall under the first sub paragraph of Article 1911 of the Civil Code, which provides:
"The debtor may be put in default in three different ways: by the term (terms) of the contract, by the act of the creditor, or by the operation of law:
"1. By the terms of the contract, when it specifically provides that the party, failing to comply, shall be deemed to be in default by the mere act of his failure."
The subject case does not fall within this category. Under the specific terms of the contract, the purchaser is not in default until title has been tendered by the seller. This case therefore falls under sub paragraph 2 of Article 1911 of the Civil Code, which provides:
"The debtor may be put in default in three different ways: by the term (terms) of the contract, by the act of the creditor, or by the operation of law:
"2. By the act of the party, when at or after the time stipulated for the performance, he demands that it shall be carried into effect, which demand may be made, either by the commencement of a suit, by a demand in writing, by a protest made by a notary public, or by a verbal requisition made in the presence of two witnesses."
Since title was never tendered by the defendant herein, plaintiff was never in default under the contract, and therefore had the right to put defendant in default under the contract in spite of his failure to do so prior to December 23, 1971. It is clear that plaintiff was ready, willing and able to take title to the property prior to December 23, 1971, and that all delays were occasioned by defendant.
The foregoing distinction has been recognized by the Supreme Court in Everhardt v. Sighinolfi, 232 La. 996, 95 So.2d 632 (1957), and reference is made thereto for a full discussion of the issue here presented.
We therefore hold that plaintiff was not in default under the contract to sell, despite his failure to obtain a written extension of time, or to place defendant in default on or prior to December 23, 1971. We are further of the opinion that he is entitled to enforce specific performance of the contract under the terms thereof.
The judgment appealed from is therefore reversed, and there will be judgment herein in favor of plaintiff James H. Fortenberry, and against defendant Janette M. Piper Decay, ordering defendant to convey to plaintiff Lot C of the resubdivision of Lots 8, 9, 10 and 11 of Square 12 of Roosevelt Place, East Baton Rouge, Louisiana, in accordance with the terms and conditions of the contract between the parties, dated November 27, 1971. Such transfer is to be effected within fifteen days of the *728 date upon which this judgment becomes final.
It is further decreed that, in the event plaintiff fails to execute the required act of sale within the delay hereinabove provided, the plaintiff, James H. Fortenberry is hereby recognized as the owner of the above described property upon depositing in the registry of the 19th Judicial District Court for the Parish of East Baton Rouge the balance of $6,700.00, due on the purchase price under the terms of the contract.
All costs are to be paid by defendant.
Reversed and rendered.