325 So.2d 835 (1976)
Wilburn L. LUNA
v.
ATCHAFALAYA REALTY, INC. and Herbert H. Estave.
No. 10581.
Court of Appeal of Louisiana, First Circuit.
January 12, 1976.
Dale Martin, Morgan City, for appellant.
Peter P. Guarisco, Morgan City, for Atchafalaya Realty, Inc.
C. E. Bourg, II, Morgan City, for Herbert H. Estave.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
Plaintiff-appellant, Wilburn L. Luna, appeals a judgment of the Sixteenth Judicial District Court, which dismissed his suit for the return of a real estate sale deposit and for damages. He further appeals the granting of the defendants' reconventional demands which ordered the forfeiture of said deposit to defendant-appellee, Herbert H. Estave, and granted judgment in favor of defendant-appellee, Atchafalaya Realty, Inc., against plaintiff for a real estate commission and attorney's fees, with legal interest on both sums from the date of judicial demand. We affirm.
On March 20, 1973, Luna submitted a written offer to purchase real estate located at 1800 Filmore Street, Morgan City, *836 Louisiana, from Estave for the sum of $27,300. The offer was on a form furnished by Atchafalaya Realty and was accepted on March 20 by its President, H. W. Bergeron, Jr., as listing agent on behalf of the owner. Additionally, Luna gave a $500 deposit by check payable to the order of Atchafalaya Realty.
With regard to said deposit, the agreement contained the following provisions:
"In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance.
"In the event the seller does not comply with this agreement within the time specified, the purchaser shall have the right either to demand the return of his deposit in full plus an equal amount to be paid as penalty by the seller; or the purchaser may demand specific performance, at his option." (Exhibit Luna No. 1)
The agreement provided that the act of sale was to be passed "on or prior to April 7, 1973," and that occupancy of the premises would also be delivered no later than April 7.
The sale was conditioned upon the ability of the plaintiff-purchaser to obtain a $21,800 mortgage loan at a rate of interest not to exceed 7 and ¾ percent per annum, payable in monthly installments over a period of twenty-five years. Said loan was to be obtained within twenty-one days of acceptance of the offer.
The same day on which the agreement to purchase was signed, Bergeron introduced Luna to officials at Atchafalaya Savings and Loan Association for the purpose of obtaining the desired loan on the property. The loan was approved on March 30, and Luna signed the truth-in-lending disclosure statement on that same day. However, due to the requirement of a title examination and preparation of the closing documents, no commitment was made to advance the required money to the plaintiff until April 13. Thereafter, the closing and sale were set for April 16 at the office of Atchafalaya Savings and Loan.
Present at the closing meeting of April 16 were the closing attorney, Herbert H. Duncan; the vendors, Herbert Estave and his wife; the realtor, Howard Bergeron; Lee J. Guarisco and his staff on behalf of the savings and loan; and the vendee, Luna. Prior to closing the sale, Luna was requested by the officer of the savings and loan to obtain the presence of his wife so that her signature, too, could be obtained. He then left to search for her but could not find her and thereafter did not return.
At that point, because of other business commitments, Estave and his wife signed the blank sale form and departed.
Bergeron requested Luna to return to Atchafalaya Savings and Loan on the next day, April 17, to close the loan, but Mrs. Luna was ill and the appointment was cancelled. Another appointment for Luna to sign the sale also resulted in his failure to attend.
After the failure of this last attempt to close the sale, Bergeron notified Luna by letter that he should either take title to the property or forfeit his $500 deposit. At that point Luna decided he would not purchase the property. Subsequently, he brought suit against Atchafalaya Realty for return of the $500 deposit, for $500 stipulated as a penalty in accordance with the terms of the contract, and for legal expenses of $139.20 incurred by Luna for preparing the proposed act of sale, or a total of $1,139.20.
The main thrust of plaintiff's suit is that Estave failed to pass title to the subject property on or before April 7, 1973, therefore *837 entitling plaintiff to a return of his deposit plus additional damages.
Pursuant to an exception of nonjoinder of necessary and/or indispensable party filed by Atchafalaya Realty, the court ordered that defendant Estave be joined as a co-defendant.
Atchafalaya Realty reconvened against Luna for a realtor's commission of $1,638, plus all fees and costs incurred in enforcing collection of the commission, including reasonable attorney's fees, and general damages in the sum of $3,000.
Estave reconvened for the $500 deposit as per the agreement; for $1,676 representing money allegedly lost when he was subsequently forced to sell the property for less money to another purchaser; for $26 representing the premium for insurance coverage upon the property which he was forced to continue due to failure to pass the sale; for $750 rental expenses which he incurred incidental to vacating the property in preparation for the sale to plaintiff, and for $150 as moving expenses in connection with the move to the rented quarters.
The trial judge held that since neither party put the other in default as of April 7 the contract was still viable until such time as either of the parties demanded performance and that performance was rejected.
He found that under Section 2 of Civil Code Article 1911 the person demanding performance can do so even though it is beyond the date specified for performance in the contract, as long as he is not himself in default. He then found that Estave's execution of the blank sale form on April 16 amounted to a tender of title to plaintiff and that plaintiff's failure to take title put him in violation of the agreement.
After finding that the plaintiff was already in default prior to bringing the instant suit, the Court held that the terms of the contract required forfeiture of the deposit to defendant Estave but rejected Estave's other reconventional demand, being of the opinion that the agreement controlled the measure of damages between the parties.
Although no reasons were given therefor, the trial court obviously allowed Atchafalaya Realty to recover its fees and expenses from plaintiff based upon the following language in the agreement to purchase:
"If this offer is accepted, seller agrees to pay the agent's commission of 3% which commission is earned by agent when this agreement is signed by both parties and when the mortgage loan, if any, has been secured.
"Either party hereto who fails to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent's commission and all fees and costs incurred in enforcing collection and damages." (Exhibit Luna No. 1)
Based upon the foregoing, the trial judge dismissed plaintiff's suit, granted Estave's reconventional demand for the $500 deposit held by Atchafalaya Realty, and granted judgment against the plaintiff and in favor of Atchafalaya Realty for the commission of $819, plus $300 attorney's fees, with legal interest on both sums from the date of judicial demand until paid.
The sole question for determination is whether the contract expired in accordance with its terms when title was not passed on April 7, 1973, so as to relieve all parties of any further obligation thereunder. If it did, then the parties should have been restored to the status quo and plaintiff's deposit should have been returned. If not, then the defendants would have been entitled to enforce the penalty provisions of the contract provided they placed the plaintiff in default. In this connection plaintiff counters that the date upon which title was to pass was of the essence of the contract and could not be extended beyond that time except in writing. He further contends that the contract's having expired by its own terms, plaintiff could not legally *838 place him in default thereafter because there was no contract to enforce.
Time could be of the essence in a contract to buy and sell real estate if the contract so provided, LSA-C.C. Art. 1911(1),[1] but we have found no such provision in the contract before us. In fact, to the contrary, we find that as to the seller, before he can declare the deposit forfeited, he must comply with the formality of tendering title to the purchaser.
Neither do we find that the contract was of such a nature that it could only be given or done within a certain time, thus relieving the creditor of the necessity of placing the debtor in default, LSA-C.C. Art. 1933(1).[2]
We are inclined to agree with the remarks of Litvinoff in his Treatise on Obligations wherein he states:
"* * * There is no reason to assert that a transaction falls within article 1933(1) for the mere reason that the contractual object is immovable property. There is no reason, thus, to assert that `time is of the essence' in transactions of that sort. * * * Therefore, if the parties are intent on default taking place by the mere arrival of the time, they have to stipulate to that effect, according to article 1911(1) of the Louisiana Civil Code. * * * In the absence of such a stipulation, when the time for execution of the act of sale has passed without the parties having appeared for that purpose, they are not yet in default unless they are placed in default according to articles 1911 and 1933. In such a situation, either party may put the other in default and then sue. * * *"
(Litvinoff's Treatise; Obligations, Book 2, Section 250)
Neither is there a showing outside of the four corners of the instrument that time was of the essence. Lamar v. Young, 211 La. 837, 30 So.2d 853 (1947).
When plaintiff continued to display his consent to the passage of the act of sale by presenting himself at the appointed place on April 16, he conclusively proved by his own actions that time was really not of the essence in this contract. There was also no showing that time was of such significance that the parties would not have contracted had they known the sale would not be passed by April 7. Additionally, we note that although title was to be transferred on April 7, the plaintiff was allowed twenty-one days, or until April 10, to secure a mortgage loan on the property. In view of the foregoing, there is no evidence outside of the contract from which we could conclude that the parties considered time to be of the essence.
The result here is in harmony with Everhardt v. Sighinolfi, 232 La. 996, 95 So.2d 632 (1957), which case was relied upon by the trial judge herein. There, language identical to that contained in the instant contract (quoted above) was involved, and the Louisiana Supreme Court impliedly held that time was not of the essence in a real estate sales agreement to purchase "on or prior to March 1, 1956." With regard to defendant-seller's contention that plaintiff-purchaser was automatically in default *839 for failing to demand title on March 1, the Court stated:
"This [contract] language clearly negatives the idea of the purchaser's being in automatic default for mere failure to perform, it requiring that before the deposit is forfeited the vendor must tender title. And it follows that, since the defendant herein did not tender a title, this plaintiff * * * was not in legal default. Accordingly, he could place defendant in default and demand specific performance. * * *"
(Everhardt v. Sighinolfi, 95 So.2d at 634, 635)
Inasmuch as the purchaser is not in default until the title has been tendered by the seller, this case falls under subparagraph (2) of Article 1911 of the Civil Code which provides:
"The debtor may be put in default in three different ways: by the term [terms] of the contract, by the act of the creditor, or by the operation of law:

* * * * * *
"2. By the act of the party, when at or after the time stipulated for the performance, he demands that it shall be carried into effect, which demand may be made, either by the commencement of a suit, by a demand in writing, by a protest made by a notary public, or by a verbal requisition made in the presence of two witnesses."
Time not being of the essence of their agreement and title never having been tendered by the defendants nor demanded by the plaintiff on or prior to April 7, 1973, neither was in default and defendant had a right to put plaintiff in default under the contract in spite of his failure to do so prior to April 7, 1973. Fortenberry v. Decay, 279 So.2d 725 (La.App. 1st Cir. 1973), writ refused, 282 So.2d 140 (La.1973).
Having found that the contract remained viable after the time for taking title on April 7, 1973, had expired, we now enforce the contract in accordance with its terms.
Under the terms thereof the defendant Estave, upon the failure of the plaintiff to take title, had the right to declare the instant deposit of $500, ipso facto, forfeited "without formality beyond tender of title to purchaser." The tender of title to plaintiff took place on April 16, 1973, and on at least two other occasions prior to plaintiff's suit, thus entitling defendant to retain the $500 deposit.
The agreement further provides that Atchafalaya Realty's commission was due upon Estave's acceptance of plaintiff's offer and approval of the mortgage loan. Therefore, plaintiff is obligated for said commission and attorney's fees in view of the fact that it was he who failed to comply with the terms of the agreement.
Atchafalaya Realty's contention that they should be awarded an increase of attorney's fees for the defense of the instant appeal is not considered since they did not appeal nor answer the appeal of the plaintiff as required by LSA-C.C.P. Art. 2133,[3]Audubon Coin and Stamp Company v. Alford Safe and Lock Company, 230 So.2d 278 (La.App. 1st Cir. 1969). See, also, American Security Bank of Ville Platte v. Estate of Joseph, 284 So.2d 94 (La.App. 3rd Cir. 1973), where, as in the instant case, the Court was confronted with a contractual obligation to pay attorney's fees. Citing Code of Civil Procedure Article 2133, the Court refused to increase attorney's fees from 25 percent to 30 percent (the percentage specified in the promissory note sued upon) since the appellee neither appealed nor answered the appeal of the appellant.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at the cost of plaintiff-appellant.
Affirmed.
NOTES
[1] LSA-C.C. Art. 1911(1) provides:

"The debtor may be put in default in three different ways: by the term [terms] of the contract, by the act of the creditor, or by the operation of law:
"1. By the terms of the contract, when it specially provides that the party, failing to comply, shall be deemed to be in default by the mere act of his failure."
[2] LSA-C.C. Art. 1933(1) provides:

"When the breach has been passive only, damages are due from the time that the debtor has been put in default, in the manner directed in this chapter. * * * * * *
"1. When the thing to be given or done by the contract was of such a nature, that it could only be given or done within a certain time, which has elapsed, or under certain circumstances, which no longer exist, the debtor need not be put in legal delay to entitle the creditor to damages."
[3] LSA-C.C.P. Art. 2133, in pertinent part, provides:

"An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. * * *"