DOMENGEAUX, Judge.
The plaintiff in this case filed suit against the two defendants for the sum of $2,629.82, alleged to be the balance due on a promissory note signed by the late Christina Joseph, and Milton Cullivan, together with interest thereon at the rate of 8% per annum from April 10, 1972, 25% as attorney’s fees, and all costs of the proceedings.
Insofar as they can be gleaned from the sparse record before us, the facts are that on April 8, 1969, Christina Joseph signed what was called a special mortgage, in favor of “Holder or Holders” of the note therein described, whereby she granted a mortgage on some immovable property which she owned in the Town of Ville Platte, Louisiana. That same day she executed a collateral note payable to the order of “Holder or Holders” in the amount of $3,000.00, which note is paraphed “Ne Var-ietur” for identification with the act of mortgage. Also on April 8, 1969, defendant Milton Cullivan, executed an act of chattel mortgage in favor of plaintiff, whereby he mortgaged one 1968 Pontiac automobile. On that same date both Christina Joseph and Milton Cullivan executed a hand note payable to the order of plaintiff in the amount of $4,177.00. Said note is paraphed “Ne Varietur” for identification with the act of chattel mortgage executed by Cullivan and above-described. On the back of the note appears the following statement: “This note to be identified with and secured by that certain special mortgage and collateral note in the principal sum of $3,000.00 dated April 8, 1969.” That statement is signed by Christina Joseph, who affixed her mark in the presence of two witnesses.
The question raised by this appeal is basically that of whether the $3,000.00 note and mortgage given by the late Christina Joseph were intended to be collateral for the $4,177.00 executed by her and Milton Cullivan. The trial judge evidently concluding that they were, gave judgment for plaintiff and ordered the seizure and sale of the mortgaged real estate. The defendants have appealed through their court appointed attorney. We affirm.
Besides the documents above referred to the only other evidence contained in the record that has bearing on the question is an affidavit by one Paul N. May-eux, apparently an official of the plaintiff bank. In the affidavit he states that the plaintiff is the holder and owner of the promissory note executed by the defendant in the amount of $4,177.00 on April 8, 1969, arid that the note is secured by the chattel mortgage referred to, and by the collateral note and special mortgage made by Christina Joseph in favor of Holder or Holders and dated April 8, 1969. He further states that the balance due on the note is the sum of $2,629.82, plus interest, attorney fees and court costs. There is no evidence of any sort from the defendants, but they argue that the mortgage on the real estate could not be a collateral mortgage because it didn’t say it was. That contention was disposed of by our Supreme Court in the case of Thrift Funds Canal, Inc. v. Foy, 261 La. 573, 260 So.2d 628. There the Supreme Court said:
“It is true that, in order to secure a future debt, a mortgage need not express on its face that it is given for future advances. It may be phrased as security for an existing debt, when no debt in *96 fact exists, and yet secure a later debt in accordance with the intention of the parties.” (Citations omitted)
The case heavily relied on by defendant for the contrary proposition, i. e. that a mortgage has to state that it is given to secure a future debt before it can be considered a collateral mortgage, is that of Walmsley v. Resweber, 105 La. 522, 30 So. 5. That case is dealt with in the Thrift opinion by footnote 3 thereto which states that:
“In its decision, the Court of Appeal erroneously relied upon dicta in the earlier case of Walmsley v. Resweber, 105 La. 522, 30 So. 5, On Rehearing (1901). This dicta, that in order for a mortgage to secure a future debt it must be so stipulated in the mortgage, conflicts with the established jurisprudence and is unsound.”
The fact that both notes and mortgages were executed on the same date and that Christina Joseph bound herself jointly with Milton Cullivan in the $4,177.00 note, taken together with the affidavit of Mr. Mayeux, in our opinion provides a strong indication that the $3,000.00 mortgage and note were intended to be collateral in nature. We, in fact, view these facts as being sufficient to establish a prima facie case in favor of plaintiff, and since defendant failed to offer any evidence in opposition, the trial court was correct in ruling for plaintiff.
The defendants contend that all sums paid on the hand note, i. e. $1,537.18, should be deducted from the $3,000.00 because that was the extent of the collateral. Their argument is that since only $3,000.00 of the original $4,177.00 were secured, the biggest interest of the defendants was to pay off that portion which was secured and that therefore under Louisiana Civil Code Article 2166 the payments should be imputed to the $3,000.00 debt. The fallacy in this argument is that there were not multiple debts as is contemplated by Civil Code Article 2166, but rather only one debt. Hence any payments made had to be imputed to that one debt and the collateral security was intended to guarantee the payment of that entire debt. If a balance was due on that debt, therefore, the collateral security should be answerable for it.
The final point is made by the plaintiff-appellee who asks that we increase the attorneys fees from 25% to 30% because the note provides for attorneys fees in the amount of 30%. Since the plaintiff neither appealed nor answered the appeal we are unable to give it the relief that it asks for only in its brief. LSA-C.C.P. art. 2133.
For the above and foregoing reasons the judgment of the District Court is affirmed at the costs of defendants-appellants in both courts.
Affirmed.