PONDER, Judge
specially concurring.
Even assuming that a putting in default is necessary, that can be done by the commencement of the suit. C.C. Art. 1911. Because of the apparent inconsistency between Arts. 1911 and 1912 the jurisprudence is quite confused. It has been argued that the putting in default by the filing of suit should apply only to demands for specific performance but I find no such limitation in the Code. The filing apprises the debtor that further delay is prejudicial to the creditor, the primary purpose of the default requirement. See Comment, A *666 Theoretical Evaluation in Conventional Obligations, 46 Tulane L.R. 948; Smith, The Cloudy Concept of Default, 12 Inst.Min.L. 3, 8. Under C.C. Arts. 2046 and 2047, the court, considering the circumstances, could dissolve the contract or could give further time for performance.
However, I do not believe that a putting in default should be required at all.
C.C. Art. 1912 says that a putting in default is a prerequisite to the recovery of damages and of profits and fruits or to the rescission of the contract in the eases hereinafter provided. Even if it be said that the words refer to the remainder of the Civil Code, we find no articles that unquestionably require the putting in default a prerequisite to a demand for resolution. Instead the articles seem to be directed toward monetary damages only. See Smith, supra, and Comment 46 Tul.L.R. 948.
The illogic of the requirement of an offer of perform before being entitled to dissolution has been pointed out in some of the cases. See Jennings-Heywood Oil Synd. v. Houssiere Latreille Oil Co., 119 La. 793, 44 So.2d 481 (1907).
I am mindful that some jurisprudence would lead to a contrary result. See Luna v. Atchafalaya Realty, Inc., 325 So.2d 835 (1st Cir. 1976). However, I am also mindful of the Supreme Court’s statement that, Louisiana being a Code State, we are required to consult the code for guidance in our work. See Ardoin v. Hartford Accident & Indemnity Co., 360 So.2d 1331 (La.1978). After a study of the above codal articles, of some of the cases (see the Jennings-Heywood case cited above) and some of the commentaries (see Smith, cited above Comment 46 Tul.L.R. 949, cited above and Monroe, The Implied Resolutory Condition for Non-Performance of a Contract, 12 Tul.L.R. 376, and 12 Tul.L.R. 509 (1938), I conclude a putting into default in a case asking for resolution such as this, leading to such an inequitable result, is not required by the code and that the error of so doing should not be continued.