MILLER, Judge pro tem.
Plaintiffs, Mr. and Mrs. Lanier James Soudelier filed suit against defendants, Robert A. Whitney and Thomas F. Glover, d/b/a Glover Realty Company, in solido, to recover a deposit of $1,200.00 made by them under an agreement to purchase a. residence in Elysian Park Subdivision, Houma, Louisiana. Plaintiffs contend that the agreement was dependent upon a loan approval within 15 days, and since this approval was not forthcoming within that period, they are entitled to the return of their $1,200.00 deposit. Defendants say that all of the terms of the agreement were complied with, and they were willing to pass the sale within the 120 day period provided for in the agreement. The trial court found that the loan was not obtained within the 15 days stipulated in the agreement and rendered judgment in favor of plaintiffs, ordering defendants to return the $1,200-00 deposit. From this judgment, defendants prosecute this appeal.
The agreement in question was made on June 14, 1960, through defendant, Thomas F. Glover, real estate agent, on a printed form designated “Agreement To Purchase Or Sell”. It provided for a purchase price of $14,600.00 on terms of $1,200.00 cash, $600.00 of which was to be applied to closing costs. It was signed by all parties on June 14, 1960 and the seller, defendant, Robert A. Whitney, accepted the $1,200.00 deposit on the same day. The pertinent provisions of this agreement are as follows:
“This sale is conditioned upon the ability of the purchaser to borrow upon this property as security the sum of $14,000.00 by a mortgage loan or loans at a rate of interest not to exceed HIA% (‘highest interest allowable’) per annum, interest and principal pay *92 able in equal monthly installments, over a period of 30 years.
“Should the loan stipulated above be unobtainable by the purchaser, seller or agent within 15 days from date of acceptance hereof, this contract shall then become null and void, and the agent is hereby authorized to return the purchasers’ deposit in full.” (emphasis supplied)
The loan was to be an FHA loan. The plaintiffs applied for this loan on June 14, 1960, through one of the defendants, who in turn submitted it to the Fidelity Bond and Mortgage Company for approval. The Fidelity Bond and Mortgage Company initially approved the loan on June 24, 1960, but their final approval was contingent upon FHA insurance. In the early part of August, 1960, defendant, Thomas F. Glover, informed the plaintiffs that, “He didn’t know what was holding the loan up, that he was going to New Orleans to find out what was the matter”. In the latter part of August, 1960, defendant’s agent, Edward B. Fallon, informed plaintiffs that their application for a loan had been disapproved. On September 16, 1960, one of plaintiff’s attorneys wrote to defendant, Thomas F. Glover, requesting that proof be supplied that the loan was obtainable by July 1, 1960, or that the $1,200.00 deposit be returned. There was no response to this letter. By letter dated September 27, 1960, defendant Glover was advised that the FHA had issued a commitment for loan insurance for the plaintiffs. On September 30, 1960, defendant Glover wrote to the plaintiffs (sending a copy to their attorney) advising that the loan was ready and setting a tentative date of October 7, 1960, for its closing. The plaintiffs, who had already repeatedly demanded the return of their deposit, refused to go through with the sale. On October 18, 1960, plaintiffs filed suit for the return of their $1,200.00 deposit
The issue is whether or not the loan could be considered “obtained” or “completed” prior to its approval and guarantee by the FHA.
The trial judge wrapped up the problem succinctly:
“There is a lot of talk about a loan here, but throughout the testimony it was made quite evident by all the parties involved that without insurance there would be no approved loan. No lender would lend the money unless the FHA approved it, which meant that the FHA would insure it. There could be no loan without insurance. It’s just like that old song “Love and Marriage”. You can’t have one without the other. This thing works the same way. No loan without insurance. You don’t have one without the other.”
The agreement provided that the loan must be obtained within IS days of its signing, which would have meant approval prior to July 1, 1960, at the outside. Being an FHA loan, it would have no effect until there was an FHA approval. This FHA approval was not forthcoming until September 27, 1960, far beyond the stipulated IS day period. The fact that defendants were prepared to execute the sale within the 120 days contemplated for its execution by the agreement is of no moment. When this loan was not approved within the stipulated IS days due to no fault on part of plaintiffs, the failure of this essential condition brought the agreement to an end. LSA-C.C. art. 2038 is applicable:
“When an obligation has been contracted on condition that an event shall happen within a limited time, the condition is considered as broken, when the time has expired without the event having taken place. * * * ”
Defendants stoutly maintain that it is impossible to obtain FHA approval within 15 days. With this problem we are not concerned. The agreement provided for loan approval within IS days, and the printed form embodying the contract was supplied by defendants. They cannot now urge the *93 impossibility of a condition which they alone imposed.
In the case of Garlete v. Rodriguez, La. App., 126 So.2d 182, the court ordered a return of plaintiff’s deposit, holding that the loan was subject to purchaser’s ability to obtain “homestead loan”, which he was unable to obtain due to no fault of his own. In Bourgeois v. N. J. Clesi, Inc., La.App., 38 So.2d 427, the court held that where an agreement stipulated that it was contingent upon the ability to borrow within 60 days and the loan could not be effected within that period due to no fault of purchaser, the purchaser was entitled to the return of his deposit.
We are in agreement with the trial court’s judgment ordering the return of this $1,-200.00 deposit with legal interest and all costs.
For these reasons, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.