GLADNEY, Judge.
This action arose ex contractu. The defendant has appealed from a judgment ordering specific performance as to the property involved in the transaction which consisted of certain improved lots located in Shreveport.
J. Robert Welsh, the plaintiff herein, and D. M. Myatt, the defendant, on November 5, 1962, entered into a contract under the terms of which Welsh agreed to sell and Myatt agreed to buy certain described real estate. The contract contained a clause providing that it was subject to obtaining necessary zoning of the subject property as a nursing and convalescent home and expressly stated “buyers are to have ninety days to obtain said zoning”. This period would therefore expire on February 5, 1963, unless extended. Appellant made application to acquire the approval of the zoning authorities, a final decision on which lay with the City Council of Shreveport. Mr. Welsh on January 22, 1963 wrote to Mr. Myatt, extending the ninety-day clause pursuant to a prior understanding between Myatt and the real estate agent, Mr. McLaughlin, which letter reads:
“Dear Mr. Myatt:
Please refer to the agreement between us covering the sale of my property at 1536 Claiborne Street, Shreveport, Louisiana. It is dated November 5, 1962, and gives you ninety (90) days to obtain the zoning that is a condition of the agreement.
As approval of your application for zoning probably will not be completed by February 5, 1963, I am agreeable to extending the contract between us for sixty (60) days beyond February 5, 1963. I am sending you two signed copies of this letter, and if this proposal is acceptable to you, please sign each letter in the place provided below, *394 and return one copy to me. This letter agreement will extend the period of our contract.
Yours very truly,
J. ROBERT WELSH (Signed) J. Robert Welsh
I agree to the extension provided above.
D. M. Myatt”
Following receipt of the communication from Welsh, Myatt did not place his signature upon the above indicated line therefor. However, on February 14, 1963, Myatt appeared before the Metropolitan Planning Commission and requested that the property in question be zoned for a nursing and convalescent home. Five days later Myatt advised Welsh’s real estate agent that he would not buy the property involved, and on February 22, 1963, wrote a letter to the Mayor of Shreveport advising that official that the purpose of his appearance before the Planning Commission had been to keep the zoning application alive until a decision by his company and that since his appearance the company had voted against buying the property. On February 23 plaintiff wrote Myatt he was willing to comply with the contract which had expired on February 5, 1963. The evidence leaves no room to doubt rezoning could have been secured timely. In fact, final passage of the ordinance to rezone the subject property was obtained on April 9, 1963. Undoubtedly the Council would have taken action on the application at its regular meeting on February 26 except for Myatt’s letter to the Mayor. The defendant has refused to buy the property although plaintiff has tendered title. The foregoing facts are not controverted.
The errors assigned by appellant to the judgment are to the effect that Myatt’s signature to Welsh’s letter of January 22, 1963 was essential in order to constitute a valid extension of the term stipulated, and that the obligations of both Welsh and Myatt became legally ineffective with the expiration of the ninety-day period without accomplishment of the rezoning. Non con-stat.
The fallacy of the foregoing argument is that it fails to recognize the effect of the obligation undertaken by Myatt. The time accorded to Myatt for securing rezoning of the property is referred to in our Civil Code as its term. The Code distinguishes the obligation arising from the term and that arising from condition proper in that the former does not suspend the engagement, but only retards its execution whereas the latter suspends the engagement. Also the Code provides that “[wjhen an obligation has been contracted on condition that an event shall happen within a limited time, the condition is considered as broken, when the time has expired without the event having taken place”. The condition is considered as fulfilled, when the fulfillment of it has been prevented by the party bound to perform it. LSA-C.C. Arts. 2048, 2051, 2038 and 2040. Commenting on corresponding Articles in the French Civil Code, Planiol in his Traite Élémentaire de Droit Civil, Vol. 1 Part 1 declares:
“§ 318. As it is certain in advance that the term will come to pass and that the act will therefore take effect, the right or the obligation suspended by the term is considered as already in existence, even before maturity. It is already a living reality. It is solely its execution that is deferred.”
and
§315. “ * * * 2nd. When delay has been fixed, the expiration of the delay is then equivalent to default if the condition is still pending when the delay ends.”
The above references from our Civil Code and Planiol are ample authority to the effect that Myatt was in default when the ninety-day period ended and rezoning had not been obtained except for the extension granted by Welsh. In granting the sixty- *395 day extension, the act of Welsh was unilateral in character, neither requiring the written consent nor any other action by Myatt, for at that time Myatt’s obligation was in default and subject to the will of Welsh who gratuitously gave an extension within which Myatt could easily have accomplished the rezoning.
In view of the reasons advanced for our resolution of the primary issue the authorities cited by appellant are without application.
It is therefore ordered that specific performance of the contract described affecting Lots 65, 66, 67 and 68 of the Foster Terrace Subdivision of the City of Shreveport, Caddo Parish, Louisiana, together with all buildings and improvements thereon, being Municipal No. 1536 Claiborne Street, Shreveport, Louisiana, all as set forth in the petition be and the same is hereby granted. Accordingly the judgment from which the defendant has appealed is affirmed at appellant’s cost.