REGAN, Judge.
The plaintiff, Julian C. Guichard, filed this suit against the defendant, D. M. Greenup, doing business under the respective trade names of D. M. Greenup Realty Company and D. M. Greenup, Contractor, endeavoring to obtain specific perfoi'mance of a contract to sell immovable property and to erect a residence thereon.
The defendant filed a motion for summary judgment, together with a suppoi'ting affidavit, requesting the dismissal of the suit for the reason that the ninety-dajr period provided for in the contract for obtaining the approval of a loan had expired.
The lower court rendered a summary judgment in favor of the defendant, and from that judgment, the plaintiff has prosecuted this appeal.
The petition reveals that on October 30, 1964, the plaintiff entered into an agreement with the defendant to purchase a building site upon which the defendant was *517 to construct a residence. The pertinent provisions of this contract read:
“This sale is conditioned upon purchaser’s ability to borrow $26,500 on plans and Specs submitted to VA w/Lot.
******
“Should purchaser, seller or agent be unable to obtain the loan stipulated above within 90 days from acceptance hereof, this contract shall then become null and void and the agent is hereby authorized to return the purchaser’s deposit in full. Commitment by lender to make loan subject to approval of title shall constitute obtaining of loan.” (Emphasis added.)
The contract further provided that the act of sale was to be passed on or prior to May 11, 1965.
The plaintiff was unable to obtain the loan within the time required, and on May 15, 1965, the respective parties agreed to extend the date for passage of the act of sale to June 11, 1965. This agreement reads:
“It is hereby agreed by and between the undersigned parties that the time for passing the Act of Sale on the property at (sic) Lot 41 Sq. 31 Providence Place in Pontchartrain Park S/D, New Orleans, Louisiana — as per agreement dated January 11, 1965 — has been extended from on or prior to May 11, 1965 to on or prior to June 11, 1965.
“All other terms and conditions of sale are to remain in full force and effect.”
On June 9, 1965, a letter was received by the defendant from Gulf Coast Investment Corporation informing him that a loan had been approved by the Veterans Administration on behalf of the plaintiff in the amount of $25,500.00. On the next day, June 10, the defendant addressed a letter to the plaintiff which reads:
“We wish to advise you that your loan has been approved by the Veterans Administration and Gulf Coast Investment Corp. in the sum of $25,500, at 5)4 per cent interest per annum for thirty (30) years.
“We will advise you when the Act of Sale is ready to pass.
“Upon receipt of this memorandum, won’t you please stop by my office?
“If you have any question, please do not hesitate to let us know.”
Thereafter, the defendant, for some reason, decided that he did not wish to execute the contract, and returned the plaintiff’s deposit. The plaintiff, of course, then demanded that the defendant honor the contract which he refused to do. Hence this suit.
On the appeal hereof, the plaintiff has posed for this court’s consideration the question of whether the lower court was legally justified in rendering a summary judgment herein. Article 966 of the Code of Civil Procedure provides that a summary judgment shall be rendered if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fa<?t, and that the mover is entitled to judgment as a matter of law.
We are of the inevitable opinion that the record discloses no legal basis upon which to grant a summary judgment. In the amended agreement of May 15, 1965, the parties consented to extend the time of passing the act of sale from May 11, 1965, to June 11, 1965. The agreement further provided that “all other terms and conditions of the sale are to remain in full force and effect”.
Subsequently, on June 10, 1965, one day prior to the expiration of the extended deadline for passage of the act of sale, the defendant addressed a letter to the plaintiff and advised him of the approval of the loan in the amount of $25,500.00 and further assured him that he would be notified of the date of the passage of the act of sale. Thus, there exists upon the very face of the *518 pleadings and supporting documents an ambiguity relative to the intention vel non of the parties to either extend the deadline for obtaining the loan, or that a loan of $25,-500.00 may have been acceptable to the defendant
In either of the foregoing events, we are convinced that there are genuine issues of material fact in dispute herein and therefore the lower court erred in rendering a summary judgment.[1]
For the above reasons, the judgment of the lower court is reversed, and the matter is remanded for such additional proceedings as the nature of the case may require.
Reversed and remanded.

. See Brown v. B & G Crane Service, Inc., 172 So.2d 708 (La.App.1965); Aymond v. Missouri Pacific Railroad Company, 179 So.2d 460 (La.App.1965).