BOUTALL, Judge.
The present appeal is taken from an adverse judgment after trial on the merits by a vendee for specific performance on a building and real estate sale contract, or alternatively, for damages for the vendor’s failure to perform. A summary judgment for the defendant annulling the contract was previously reversed by this court, La. App., 187 So.2d 516, and remanded for trial.
The facts are these: Vendee, a veteran, contracted with the vendor, doing business as a realty company and a building contractor, to purchase a lot from the vendor, upon which vendor was to then build a house for the vendee, for a total cost of $26,500.00. This contract of sale was signed on January 11, 1965, and contained clauses which read, “This sale is conditioned upon purchaser (sic) ability to borrow $26,500.00 on plans and Specs submitted to V.A. w/ lot” and “This sale is conditioned upon the ability of purchaser to borrow upon this property as security the sum of $ (See above) by a first mortgage loan at a rate of interest not to exceed 5 per annum, . . . ” and “Should purchaser, seller, or agent be unable to obtain the loan stipulated above within 90 days from acceptance hereof, this contract shall then become null and void and the agent is hereby authorized to return the purchaser’s deposit-in full.”
The contract to build the house upon that specific lot was made on January 8, 1965, but the price of $18,500.00 was included with the $8,000.00 purchase price for the lot in the above clause. Thus, for the building contract to be valid, the property had to be sold to the vendee. The contract of sale was under two suspensive conditions: (1) That the purchaser was able to borrow $26,500.00 under a Veterans Administration loan; and (2) That the interest not exceed 5)4%. If this suspensive condition did not take place within 90 days, the contract of sale, and thus the building contract, became null. (LSA-C.C. arts. 2021, 2038, 2043).
The parties subsequently extended the deadline date from May 11 to June 11, 1965. On June 10, vendor notified vendee by letter that his V.A. loan application had been accepted, one day before the contract was to expire. Thereafter, the parties apparently could not get together, the vendor returned the $200.00 deposit and attempted to nullify the contract, and the vendee put him in default by requesting performance. Suit was filed, and a summary judgment for the vendor was subsequently reversed, there being an issue of fact as to whether, subsequent to the letter of June 10, 1965, the parties again extended the deadline of the contract, so that it may not have expired under its own terms previous to the vendee’s putting in default.
The cause of the difficulty was the discovery that the V.A. loan, to be made by Gulf Coast Investment Corp., was subject to a “lender’s fee” or “points” of 2%%, which was a discount on the loan necessitated by the vagaries of the money market at that time. This fee amounted to some $662.50, and a dispute arose as to who was to pay it.
In his reasons for judgment, the trial judge found that the contract contained a suspensive condition, which was the ability of Guichard, vendee, to procure a loan for the amount of the price, and that the evidence showed the lender’s fee, or “points”, had never been contemplated by the parties until after receipt of notice of the loan’s approval, and not until after June 10, 1965. Therefore, the judge concluded there had been no meeting of the minds on this, a material part of the contract, the price as increased by this payment of points not previously contemplated or agreed upon by the parties. Plaintiff’s suit was dismissed.
Plaintiff appeals, alleging that the experience of the defendant as builder amounts to constructive knowledge of the charging of points as customary for such loans, and that the defendant knew he had to pay the points himself, since under U.S. *95 C.A. Title 38, subchapter II, § 1810 et seq., a veteran is prohibited from entering into a verbal agreement to pay a lender’s fee (points) when receiving a V.A. guaranteed loan, when a written contract is approved and appraised for a particular sum, and that this constituted an error of fact on the trial judge’s part in finding no contemplation of this fee by the parties.
The record shows that such fees were not always charged, since the rate and charging thereof fluctuates with the demands of the money market at the time and that defendant had never before handled a V.A. approved loan such as this. There is much testimony, by both parties, to the effect that neither knew that points would be charged, and that there was no agreement as to who would pay this extra amount, either before June 10, 1965, or thereafter. Mr. Guichard offered to pay one half of this amount, but was precluded from so doing by the statute cited above, and Mr. Greenup declined to absorb the fees. Therefore, there was no meeting of the minds as to a material part of the price of the contract, and we find no error in the trial judge’s decision. Even had the contract’s deadline been extended by the parties, the suspensive condition of obtaining the loan has not taken place, because of the dispute over payment of points, and the contract is null. C.C. arts. 2038, 2043. When it has become certain that the sus-pensive condition will not occur, as when one party is put in default, the obligations are broken and the contract is null. LSA-C.C. art. 2038. Yeatman v. Broadwell, 1846, 1 La.Ann. 424; Soudelier v. Whitney, 141 So.2d 91 (La.App. 1st Cir., 1962). Where no time is fixed, and a sus-pensive condition has not occurred, the putting in default precludes its occurrence and the contract is null. Hall v. Lorente, 1848, 3 La.Ann. 274.
The judgment below dismissing plaintiff’s suit is therefore affirmed. Costs of this appeal are to be borne by appellant.
Affirmed.