285 So.2d 324 (1973)
Charles L. BRIGGS, Plaintiff and Appellant,
v.
Louis SIGGIO and Mrs. Hazel Siggio, Defendants and Appellees.
No. 4276.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
Rehearing Denied December 3, 1973.
Writ Refused February 1, 1974.
*325 Anderson, Leithead, Scott, Boudreau & Savoy by Everett R. Scott, Jr., Lake Charles, for plaintiff-appellant.
James A. Smith of Smith & Wise, Lake Charles, for defendants-appellees.
Before CULPEPPER, MILLER and PONDER, JJ.
CULPEPPER, Judge.
Plaintiff seeks specific performance of a written agreement in which defendants granted him the option to purchase a tract of land. The defendants filed an exception of no cause of action, based on the allegations of plaintiff's petition that the option was exercised orally, rather than in writing as required by law and the express provisions of the agreement. From a judgment sustaining the exception, plaintiff appealed.
The substantial issue is whether defendants prevented plaintiff from exercising the option in writing, within the meaning of LSA-C.C. Article 2040, which provides: "The condition is considered as fulfilled, when the fulfillment of it has been prevented by the party bound to perform it."
The allegations of plaintiff's petition, which for purposes of the exception of no cause of action must be accepted as true, are as follows: In June of 1969 defendants sold to plaintiff and A. P. Gaspard 40 acres of land for the price of $66,000. On the same date, the parties entered into three separate written agreements whereby defendants granted to plaintiff and Gaspard options to purchase three other 40-acre tracts. The option on the first 40 acres was to be exercised during the first nine months of 1970, on the second during the first nine months of 1971 and on the third during the first nine months of 1972.
Each option agreement contains the provisions that "In the event grantee elects to exercise this option, he shall notify grantor thereof in writing within the time herein above *326 provided." The written agreements also contain the usual provisions that in the event of the exercise of the options they would be converted into contracts to buy and to sell with the right of specific performance, and the grantor would furnish an abstract of title and the grantee would have time to examine it, etc.
Albert P. Gaspard conveyed his interest in the options to the plaintiff Briggs. The first option was exercised verbally and the sale was executed in 1970. The second option was timely exercised in writing "only because petitioner could not locate Mr. Siggio as he was at that time out of the city for an extended time."
The present litigation involves the third option, which was to be exercised in writing within the first nine months of 1972. Plaintiff alleges that "as in the case of the verbal exercise of the first option, this option was exercised verbally on August 12, 1972, at which time your defendant acknowledged notice of the exercise of this option and waived the necessity for compliance with the technical requirement that the exercise of the option be in writing." (Emphasis supplied)
The petition alleges further that on the date the option was verbally exercised, the defendant, Louis Siggio, agreed to order the abstract of title and to remove certain improvements and level an irrigation ditch, these being obligations of the seller under the contract.
On about September 11, 1972, plaintiff's agent learned that defendant had not ordered the title abstract, so he contacted defendant who again acknowledged notice of the exercise of the option and authorized plaintiff's agent to order the abstract for him. On or about September 20, defendant employed a contractor who actually leveled the irrigation ditch and talked to plaintiff's agent about leveling a fence and another ditch, while he was doing defendant's work.
Plaintiff alleges that: "Relying upon these acknowledgments, waivers and assurances, petitioner did not reduce his notice to writing to exercise his option and deliver same to defendant by September 30, 1972."
On October 4, 1972, petitioner was advised by an attorney for the defendants that no written election to exercise the option had been received, and then on October 16, 1972, defendant advised plaintiff that he had decided to "forego" the sale because the option had not been exercised in writing within the time set forth in the contract.
The petition also alleges that plaintiff received the abstract, that his attorney examined it, and he stands ready, willing and able to purchase the property and is entitled to specific performance.
Allegations are also made that in reliance upon the assurances made by defendant, plaintiff incurred considerable expense in securing the abstracts and in attorney's fees, engineering plans, etc.
The statutory law is clear that every transfer of immovable property must be in writing, LSA-C.C. Article 2275, that parole evidence will not be admitted to prove such contracts, LSA-C.C. Article 2276, and that option agreements relating to immovables must be in writing, LSA-C.C. Article 2462. Jurisprudence under these articles holds that both the agreement granting an option to buy immovables and the exercise of the option must be in writing, Barchus v. Johnson, 151 La. 985, 92 So. 566 and Louisiana State Board of Education v. Lindsay, 227 La. 553, 79 So.2d 879 (1955).
Plaintiff concedes these rules of law. But he contends defendant is estopped to urge this defense under LSA-C.C. Article 2040, and jurisprudence thereunder, which holds that the party whose obligation depends on a condition, cannot allege the nonperformance of that condition in defense where it was through his fault it was not performed. The argument is that defendant's verbal waiver of the necessity for a written exercise of the option, and *327 his other actions described above, constituted fault which caused plaintiff to fail to perform that condition. The equitable rationale of the contention is that no man can take advantage of his own wrong.
In support of this argument plaintiff cites several cases. George W. Garig Transfer v. Harris, 226 La. 117, 75 So.2d 28 (1954) was a suit for damages for breach of a contract to sell a certificate of the Public Service Commission for a common carrier. The contract provided that the transfer was conditioned upon approval by the Commission, and that the seller would join in the petition for transfer. The seller withdrew his petition, and the Commission denied the transfer but stated it would have approved had the seller not withdrawn. The court held that since the vendor "through his fault" prevented the fulfillment of the condition on which his obligation depended, the condition would be considered as fulfilled, and plaintiff could receive damages. The opinion states:
". . . moreover, the condition is considered as accomplished when the debtor, bound under that condition, has prevented its accomplishment, Art. 2040. In applying the last Article this Court, in the case of Walls v. Smith, 3 La. 498, aptly observed: "It is clear, then, the law does not permit the party whose obligation depends "`on a condition, to allege the non-performance of that condition in defence, where it was through his fault it was not performed,' and `It is a trite and perfectly well established principle of jurisprudence, that no man can take advantage of his own wrong, and the law has been careful to make a special application of this maxim to cases where conditions form part of the contract.'"
See also Everhardt v. Sighinolfi, 232 La. 996, 95 So.2d 632 (1957), where the vendor in an agreement to buy and to sell prevented the timely passage of the sale by absenting himself; Welsh v. Myatt, 164 So.2d 393 (2d Cir. 1964) where the purchaser in a contract to buy and to sell failed through his fault to obtain rezoning; Jourdan v. Randall, 190 So.2d 469 (1st Cir. 1966) where the lessor's acquiescence in the breach by the lessee of provisions as to altering the house, allowing others to live there, etc. was held to waive lessor's right to cancel the lease and estopped lessor to assert same in bar of lessee's suit for specific performance of an option to buy; and Davis v. Oaklawn, 212 La. 392, 31 So. 2d 837 (1947) where the vendor breached his verbal agreement to secure the necessary financing for the lessee-vendee to exercise his option to buy.
We note all of these cases hold that "fault" in preventing the fulfillment of the condition is sufficient to invoke Article 2040. See also the comment, Abuse of Rights in Louisiana, 7 Tulane L.Rev. 426, in which the author suggests that fault, rather than duress or fraud, should suffice. We agree with these views. Hence, we hold plaintiff's failure to allege fraud or duress on the part of defendants is not fatal to his petition.
It is our view that plaintiff has stated a cause of action under LSA-C.C. Article 2040 and the authorities cited. The petition states that defendants repeatedly acknowledged notice of the verbal exercise of the option and waived the requirement that it be in writing. Plaintiff alleges further that relying on these waivers and upon the other assurances, acknowledgments and conduct by defendant set forth above, he considered it unnecessary to exercise the option in writing. Under these allegations, evidence could be introduced to show it was through the fault of defendants that the option was not exercised in writing, and that this condition must therefore be considered fulfilled.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now decreed that defendants' exception of no cause of action is overruled. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs *328 of this appeal are assessed against the defendants appellees. Costs in the district court will await a final determination there.
Reversed and remanded.