CULPEPPER, Judge.
The plaintiff seeks specific performance of an option to purchase 40 acres of land. This case was previously before us, 285 So.2d 324, writs denied by the Supreme Court, 288 So.2d 641. We reversed a judgment of the district court which had sustained an exception of no cause of action. Essentially, we held that, accepting ' as true all of the allegations of plaintiff’s petition, the defendants waived the requirement that plaintiff exercise the option in writing, and by other conduct, assurances and acknowledgements lead plaintiff to believe that it was not necessary to exercise the option in writing. We concluded the allegations were sufficient to state a cause of action under LSA-C.C. Article 2040 that defendant through his fault prevented *380 plaintiff from exercising the option in writing.
After the case was remanded to the district court, a trial was held and the district judge concluded the evidence did not support the allegations of plaintiff’s petition. From an adverse judgment on the merits, plaintiff has again appealed.
It is unnecessary that we state again in detail the contentions of the parties as set forth in their pleadings. Nor is it necessary that we restate the applicable law. This has been covered fully in our previous opinion, 285 So.2d 324.
The issues now before us are purely factual and depend largely on the credibility of the witnesses who testified at the trial. The district judge gave detailed written reasons in which he accepted the testimony of Mr. Siggio, the defendant, and rejected the testimony of Mr. Gaspard, who was plaintiff’s key witness. Gaspard is not only the real estate agent who had a listing from defendant to sell this property, but he also was originally a partner with the plaintiff in the option to purchase the property in question.
The district judge concluded his written reasons as follows:
“Be that as it may, in view of the decided conflict in testimony, I cannot say that plaintiffs have carried their burden of proving by a preponderance of the evidence that the defendant waived the necessity of written notice. The facts of Siggio asking Gaspard to order the abstract and his having certain work done on the land in preparation for the sale do not serve to corroborate plaintiff’s contention that defendant waived the necessity of written notice, because he anticipated that plaintiffs were going to buy the land and he wanted to have everything ready so that there would be no delay in getting his money. But believing that plaintiffs were going to buy the land and getting things ready for the anticipated sale cannot 'be equated with a fault’ m preventing the fulfillment of the condition of the contract.”
The evidence amply supports the decision of the trial judge that, within the meaning of LSA-C.C. Article 2040, there was no fault on the part of the defendant which prevented the plaintiff from exercising the option in writing, as required both by law and by the express provisions of the option agreement.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.