CULPEPPER, Judge.
This is a companion case to Briggs v. Siggio, 313 So.2d 379, in which a separate decision is being rendered by us this date. In the companion case, we affirm a decision of the district judge rejecting plaintiff’s demand for specific performance of an option to purchase 40 acres of land from defendant. The basis of our decision in that case is that Briggs did not exercise the option in writing, as required not only by the express provisions of the option agreement but by the law of this State in cases involving immovables.
In the present case, Gaspard seeks to recover a real estate agent’s commission of 10% of the price which was to be paid under the option. He contends he is entitled to his fee regardless of whether the option was exercised.
The listing contract between Gaspard and Siggio provides that Gaspard, as real estate agent, had 120 days from December 17, 1968 within which to secure a purchaser for 160 acres of land, as described in the agreement, for a selling price of $280,000. The paragraph providing for the realtor’s commission reads as follows:
“If the said property is sold before the expiration of this agreement by myself or any other person, firm or corporation, I agree to pay you the commission of 10%, or if it be sold (or if an agreement to sell be entered into) within 90 days after such expiration to any person with whom you have had negotiations, I agree to pay you (Gaspard) the commission of 10%.” (Emphasis supplied)
As stated in our original opinion in Briggs v. Siggio, La.App., 285 So.2d 324, the entire 160 acres was not sold at one time. Instead, 40 acres was sold to Mr. Briggs in 1969, and three separate written option agreements were entered into as to the other three 40-acre tracts, the first option to be exercised in writing within the first nine months of 1970, the second during the first ninth months of 1971, and the third during the first nine months of 1972.
Gaspard received his 10% commission on the original sale in 1969 and also on the sales under the first and second options, which were exercised. He now contends that even though the third option was not exercised, he is nevertheless entitled to his 10% commission. •
The district judge correctly held that under the clear language of the listing agree *382 ment, Gaspard is not entitled to his 10% commission unless the property is sold, or an agreement to sell is entered into, within 90 days after the expiration of the listing agreement. In the present case, there was no sale or agreement to sell within the 90-day period, which actually ended in July of 1969. Hence, it is clear that Gaspard is not entitled to his commission.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.