338 So.2d 1183 (1976)
Thelma Crow WALKER, Plaintiff-Appellee,
v.
DON COLEMAN CONSTRUCTION COMPANY, INC., Defendant-Appellant.
No. 13042.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1976.
*1184 Pugh & Nelson by Robert G. Pugh, Shreveport, for defendant-appellant.
Egan & Cook by William H. Cook, Jr., Shreveport, for plaintiff-appellee.
Before PRICE, HALL and MARVIN, JJ.
HALL, Judge.
The plaintiff-seller sued the defendant-buyer for rescission of a contract to sell Rainbow Plantation, a 250 acre tract of land in Bossier Parish. Defendant planned to subdivide the tract. The trial court held that the long delay in obtaining approval of the subdivision by the necessary governmental authorities, which approval was a condition of the contract, was not contemplated by the parties. Judgment was rendered giving the defendant a choice between waiver of that condition and rescission of the contract. Defendant appealed. We affirm.
Plaintiff is the testamentary executrix of her late husband's estate. Due to pressing obligations brought about by debts of the estate and federal estate taxes, plaintiff borrowed $250,000 from the First National Bank of Shreveport. It was her intention to repay that loan from the proceeds of the sale of the principal asset of the estate, Rainbow Plantation. A sale of the plantation was the only possible means of paying the loan.
On December 7, 1973, she signed a contract to sell the property to Don Coleman Construction Company, defendant in the instant case. She was unable to obtain judicial approval of the sale over the objection of her daughter. In May, 1974, the loan from the First National Bank became due. Plaintiff has been paying over $50 per day in interest on the overdue loan since that time.
On December 20, 1974, plaintiff executed another contract to sell the property to defendant for a price of $1,530,000. Judicial approval was obtained over the objection of the daughter. The delay for the daughter to take a suspensive appeal from the judgment approving the sale expired. Appropriate zoning had previously been obtained and the purchaser had promptly made appropriate application for subdivision approval to The Department of Housing and Urban Development. The attorneys for both parties began preparation for closing. Then the unforeseen development which gives rise to this suit occurred.
In April, 1975, Don Coleman, president of the defendant corporation, was notified that federal agencies would require an environmental impact study of the proposed subdivision before issuing their approval for government insured mortgages. This was the first such study to be required in the Shreveport-Bossier area. Six months later, the Environmental Protection Agency advised that the impact study could not be completed until the study for the Red River Parkway in Bossier was completed. At the time of trial, the latter study had not yet begun and would take at least fourteen months to complete. The environmental impact study will then have to be completed and approval or disapproval of the purchaser's plans remains uncertain.
After plaintiff received information about the studies and attendant delays, she asked defendant to either waive the governmental approval condition or to allow *1185 her to find another buyer. Defendant refused, and this suit followed.
In written reasons for judgment, the trial judge concluded that since no time for performance of the conditions of the contract was stipulated, a reasonable time is implied, citing LSA-C.C. Art. 2050. The court concluded that the lengthy delay under the circumstances of this case was unreasonable.
Defendant argues on appeal that a contract with an affirmative suspensive condition may be fulfilled at any time, provided that no time is specified in the contract, relying on LSA-C.C. Art. 2038.
Article 2038 provides:
"When an obligation has been contracted on condition that an event shall happen within a limited time, the condition is considered as broken, when the time has expired without the event having taken place. If there be no time fixed, the condition may always be performed, and it is not considered as broken, until it is become certain that the event will not happen." (Emphasis supplied)
The contract established an affirmative suspensive condition. Defendant is not obligated to purchase the property until the necessary governmental approval is obtained. However, the second sentence of Article 2038 must be read in conjunction with LSA-C.C. Art. 2037:
"Every condition must be performed in the manner that it is probable that the parties wished and intended that it should be."
The surrounding circumstances establish that plaintiff intended to sell her property as quickly as possible in order to pay off the bank loan and to have the remainder of the sales price invested. It is also established that neither party expected an environmental impact study on this property to be required. Coleman testified:
"Well, I certainly didn't think I was going to be hit with an Impact Study."
Neither party could have possibly anticipated that the environmental impact study would depend on the completion of the Red River Parkway Study. Completion of the studies and approval by the government agency cannot possibly be concluded in less than thirty-one months after the contract to sell was signed. Federal agencies have made it impossible for the condition of governmental approval to be performed in the manner that it is probable the parties intended. Under the special circumstances surrounding this contract, the parties intended that the condition be performed within a reasonable time. Despite the honest and diligent efforts of defendant, that cannot be done. It having been established that the condition cannot be performed in the manner intended by the parties, and defendant having been put in default, the condition must be considered as broken. Defendant's obligation to buy is not subject to execution, and defendant having failed to waive the condition and perform the contract, after being put in default, the plaintiff is entitled to recision of the contract. Guichard v. Greenup, 259 So.2d 93 (La.App. 4th Cir. 1972).
Article 2038 does not mandate that obligations may be indefinitely suspended due to uncontrollable circumstances not anticipated by the parties, especially when surrounding circumstances disclose that one or both parties considered time to be a crucial factor. A suspensive condition may "always" be performed, so long as it can be performed in the manner intended by the parties. The manner intended by the parties includes performance within a reasonable time, where the nature of the obligation and surrounding circumstances establish time as a substantial element in the manner of performance. Plaintiff made an adequate showing that neither she nor the defendant contemplated a delay of the length involved in this case.
An additional ground for rescinding the agreement is that there was an error in the principal cause of the contract. Error in the principal cause invalidates consent and is sufficient reason to rescind a contract. LSA-C.C. Art. 1825. Some motives can be determined from the inherent nature of the contract. In the instant case, the *1186 contract is an agreement to purchase and sell a tract of land. The immediate end of the buyer is to be able to use the land for his own purposes, in this case to develop a subdivision. The immediate end of the seller is to collect the purchase price of the sale. In this case, it was the expressed intention of both parties to accomplish these immediate ends as quickly as possible. The purchaser wanted to build his subdivision, and the seller urgently needed the money to repay the bank loan. Due to the actions of the federal bureaucracy, it has become impossible to fulfill these principal causes.
Failure of the parties to a contract to buy and sell to anticipate a lack of governmental approval of the purchaser's planned use of the property has previously been held to constitute error in the principal cause of a contract. Marcello v. Bussiere, 284 So.2d 892 (La.1973). Failure to anticipate an unreasonable and indefinite delay in governmental approval should lead to the same result, as fulfillment of the principal cause is equally impossible. For that reason, we find: (1) performance of the contract within a reasonable time was a principal cause of the contract; (2) this cause was apparent both from the inherent nature of an agreement of purchase and sale of real estate and from the circumstances surrounding this particular contract; (3) the cause cannot be fulfilled due to events beyond the control of either party; and (4) the parties' failure to anticipate the unreasonable delay was error of fact sufficient to vitiate their consent and invalidate the contract.
The trial court was also correct in denying plaintiff's demand for damages. Defendant has not breached the contract. On the contrary, defendant has attempted in good faith to have the suspensive condition fulfilled. Defendant cannot be held liable for standing on the contract until it is declared null, and no bad faith on defendant's part was alleged or proven. Therefore, the denial of damages is affirmed.
For the reasons assigned, the judgment of the district court is affirmed at defendant-appellant's costs.
Affirmed.