HEARD, Judge.
This appeal was brought by defendant, Mary Gregg Farms Corporation, to contest the judgment of the district court in canceling a lease existing between it and plaintiff, Van M. Rhame.
The gravel lease came into existence on January 9, 1966. This suit was brought by plaintiff to cancel the lease on the following grounds:
1) Lack of diligent performance by defendant to mine and produce gravel;
2) Failure of defendant to tender or pay the minimum annual rental by January 1, 1975;
3) Failure of defendant to furnish plaintiff with written notice of its intention to exercise the option to renew the lease for an additional five years, beginning January 1, 1976.
4) Failure of defendant, if the option was somehow exercised, to pay the minimum rent due by January 1, 1976.
The pertinent provisions of the lease in question read as follows:
*901 “The term of this lease shall be for a period of five (5) years and shall be retroactive until January 1, 1966 and shall end on December 31, 1970. A minimum annual rental for each year is hereby fixed at the sum and amount of One Hundred ($100.00) Dollars. The minimum annual rental for the first year has been paid, receipt of which is hereby acknowledged, and the minimum annual rental of One Hundred ($100.00) Dollars per year for each subsequent year shall be due and payable in advance on January 1 of each year, the next payment being due and payable January 1, 1967.
4.
“Lessee shall have the right, privilege and option of renewing this lease for the same terms and conditions as herein set forth for two (2) additional periods of five (5) years each, the first period to begin on the first day of January, 1971, and ending on the 31st day of December, 1975. The second of which periods shall begin on the first day of January, 1976, and ending on the 31st day of December, 1980. It is understood and agreed between the parties hereto to exercise the options as above set forth, lessee shall give Lessor written notice of his intention to exercise said options at his last known address at least thirty (30) days prior to the expiration of the primary term or any renewal thereof.”
Testimony at trial showed that the defendant had last tendered the minimum annual rent in December, 1973. The date the check was actually mailed to or received by the plaintiff was not shown. However, plaintiff, through his attorney, returned the check to defendant in February, 1974. At that time, plaintiff, informed the defendant that he considered the lease to be at an end.
Defendant did not tender payment of the rent due in 1975 and 1976, nor did it tender written notice of its intention to exercise its option to renew the lease for another five years.
Defendant argues that plaintiff’s action in returning the check tendered for the 1974 rent, and coupled with the statement that he considered the lease at an end, made it permissible for it to not tender the rent due and owing under the lease. Defendant further defended its actions by introducing testimony that equipment on the lease was damaged, i. e., a barge was sunk, and testing rig damaged, but did not show that the plaintiff was in any way responsible for the damage.
Appellant supports its argument that plaintiff’s actions relieved him of any duty to tender payment of the annual rent or to exercise its option to renew in writing by citing Civil Code Article 2040, to wit:
“The condition is considered as fulfilled, when the fulfillment of it has been prevented by the party to perform it.”
The Louisiana Supreme Court in Walls v. Smith, 3 La. 498 (1832), after reading the article in the original French, interpreted it to mean that a condition is considered as accomplished, when the debtor, whose obligation depends on this condition, prevents the accomplishment of it.
This court, in a suit for specific performance, held that the defendant could not urge non-fulfillment of a condition as a defense when the condition was unfulfilled through defendant’s fault. The court added that mere fault in preventing fulfillment of the condition is sufficient to invoke Article 2040, therefore, duress and/or fraud need not be proven. Briggs v. Siggio, 285 So.2d 324 (La.App. 3rd Cir. 1973).
In this case, it is apparent that plaintiff did not prevent defendant from tendering payment. Plaintiff’s action in returning the rent money in 1974 did not make it impossible for defendant to tender payment in following years, nor was it improbable that plaintiff might have accepted such payment. It would be inequitable to permit one who has not fulfilled an agreement to defend on the grounds that the other party might not perform. Bank of Louisiana in New Orleans v, Campbell, 329 So.2d 235 (La.App. 4th Cir. 1976).
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to defendants-appellants.
AFFIRMED.