CHIASSON, Judge.
This is a suit for real estate commission brought by Corrie Armstrong, doing business as Villa Realty, against Donald Le-Jeune. Mr. LeJeune appealed the trial court’s judgment awarding Villa Realty $2,152.38 in commission plus interest and costs.
On June 21, 1976 Raiford E. Winstead, as seller, and Donald L. LeJeune, as purchaser, entered into a buy-sell agreement, which provided that the sale was contingent upon the sale of LeJeune’s then home and that LeJeune’s purchase of the Winstead home would take place within 5 days after Le-Jeune closed the sale of his home. Handwritten in the agreement was a provision that the agreement would expire on July 14,1976, subsequently mutually extended in writing to July 26, 1976. Through no fault of Mr. LeJeune, the sale of his home was not completed until August 10, 1976. Mr. LeJeune thereafter refused to purchase the Winstead home, asserting that the obligation to purchase expired on July 26, 1976, when the suspensive condition had not been met.
The trial judge based his decision on Luna v. Atchafalaya Realty, Inc., 325 So.2d 835 (La.App., 1st Cir. 1976) and on his findings that time was not of the essence and that the contract remained in existence on August 10, 1976, since neither party had previously put the other in default.
In the Luna case, the purchase agreement provided that the act of sale was to be passed “on or prior to April 7, 1973.” This date was not met due to delay in processing of the loan. The vendee thereafter refused to comply with the purchase agreement. The judgment of the trial court granted forfeiture of the deposit to the vendor and granted the real estate company its commission and attorney fees. This court, affirming the trial judge, found that there was no provision in the contract providing that time was of the essence and no evidence outside the contract from which it could be concluded that time was of the *316 essence. The court went on to find that time not being of the essence and title never having been tendered nor demanded on or prior to April 7, 1973, neither party was in default and vendor had a right to put vendee in default under the contract in spite of his failure to do so prior to April 7.
The suspensive condition in Luna, the ability within twenty-one days to obtain a loan at a set percentage, to be repaid in monthly installments for twenty-five years had been met. The contract thereby was made viable and enforceable. The failure to effect the closing on the set day, a term of the contract, not a condition, was therefore subject to the codal provisions governing default. In the present contract, the suspensive condition, sale of LeJeune’s home prior to the expiration date, left the contract expired and unenforceable with no terms to which to apply the codal articles on default.
Instead, we find applicable the case of Parker Mead, Inc. v. Cutrer, 239 So.2d 729 (La.App. 1st Cir. 1970), holding that without satisfaction of the suspensive condition of the securing of financing “at the expiration of the time period stated in the contract, the contract itself expired and along with it, the obligations of both parties involved.” La.C.C. Art. 2038; Boudreaux v. Elite Homes, Inc., 259 So.2d 669 (La.App. 4th Cir. 1972); Welsh v. Myatt, 164 So.2d 393 (La.App. 2d Cir. 1964); Soudelier v. Whitney, 141 So.2d 91 (La.App. 1st Cir. 1962).
For these reasons the judgment of the trial court is reversed and there is now judgment dismissing the suit. All costs are assessed against the appellee.
REVERSED AND RENDERED.