GULOTTA, Judge.
James C. Smith appeals from the dismissal of his suit to have declared valid a joint venture agreement between him and the defendant for the construction and sale of weekend homes in St. Tammany Parish. According to the terms of the May 18, 1977 agreement, Smith had the responsibility of constructing these homes and A. K. Roy, Inc. was to be the listing agent for their sale. A model home was to be constructed on a lot to be purchased by Smith.
The heart of the controversy surrounds the interpretation of the following part of the agreement:
“SECTION II
CONDITION PRECEDENT
This covenant shall be null and void and totally without effect unless Smith acquires title to the hereinafter described model home property by June 1, 1977.”
It was not until June 6, 1977 that Smith purchased the lot on which the model home was built.[1]
The trial judge, in reasons for judgment dismissing plaintiff’s suit, concluded with the following:
*1358 “Accordingly, the Court concludes that the contract was rendered null and void by the nonfulfillment of the suspensive condition.”
It is plaintiff’s contention that although title to the lot was acquired after the specified date of acquisition, both parties to the agreement went forward and performed their respective obligations under the May 18 contract. Plaintiff claims that he continued with the construction of the model home and that Roy advertised in the news media for the sale of the property and paid utility bills incurred for the model home subsequent to June 1,1977. Because of this performance by defendant, plaintiff asserts that A. K. Roy, Inc. is estopped from claiming non-existence or dissolution of the contract. Plaintiff reasons that under these circumstances a novation came into existence.[2]
Smith further claims that Section II of the agreement contains a resolutory condition under which the obligation took effect immediately, and could only be dissolved if the condition were not fulfilled. See LSA-C.C. art. 2021.[3] He reasons further that because the fulfillment of the resolutory condition is dependent upon the will of one of the parties, dissolution does not take place of right but must be obtained by suit or exception. See LSA-C.C. art. 2047.[4] He points out that defendant has not filed for dissolution but has acquiesced in the untimely purchase of the lot by performing contractual obligations subsequent to the crucial purchase date. Finally, Smith contends that the time in which he was to purchase the lot expired because he “had no control over whe'n the act of sale was to have been passed.”
We find no merit to these contentions. The premise upon which plaintiff seeks to prevail is that the condition in Section II of the agreement is a “resolutory” condition. However, we find this agreement contains a suspensive condition, not a resolutory one. Furthermore, LSA-C.C. art. 2038 provides:
“When an obligation has been contracted on condition that an event shall happen within a limited time, the condition is considered as broken, when the time has expired without the event having taken place. If there be no time fixed, the condition may always be performed, and it is not considered as broken, until it is become certain that the event will not happen.”
A suspensive condition is defined in LSA-C.C. art. 2043 as follows:
“The obligation contracted on a suspen-sive condition, is that which depends, either on a future and uncertain event, or on an event which has actually taken place, without its being yet known to the parties.
In the former case, the obligation can not be executed till after the event; in the latter, the obligation has its effect from the day on which it was contracted, but it can not be enforced until the event be known.”
The language in Section II of the agreement is clear. The contract provides that the agreement is null and void unless the property is acquired by June 1, 1977. Further, Section XII of the agreement states: “This agreement shall go into effect on June 1, 1977; ...” When we consider *1359 the important language in the agreement, together with LSA-C.C. art. 2021 (which provides that if the obligation is not to take effect until the event happens, the obligation contains a suspensive condition) and LSA-C.C. arts. 2038 and 2043, we conclude the condition in this contract is a suspensive one.
Reading the codal articles together with the agreement, we conclude the agreement did not take effect since the suspen-sive condition was not fulfilled. The contract is null and void. Under these circumstances, no rights flow to either party. The contract is as if it were not confected. See Zemurray v. Boe, 235 La. 623, 105 So.2d 43 (1958); Boudreaux v. Elite Homes, Inc., 259 So.2d 669 (La.App. 4th Cir. 1972), writ denied 261 La. 1061, 262 So.2d 42; Guichard v. Greenup, 259 So.2d 93 (La.App. 4th Cir. 1972).
Having so concluded, it necessarily follows that a novation could not have come into existence [5] and the theory of estoppel, waiver or acquiescence is not viable.
Finally, there is no merit to plaintiff’s contention that because A. K. Roy, Inc. owned the lot and either delayed or contributed to the delay for the passage of the act of sale, plaintiff had no control over acquisition of the ground prior to the expiration date. The evidence is clear that defendant did not own the lot and did not fail to cooperate with plaintiff in the acquisition. James Roundtree, an employee of A. K. Roy, Inc. who drafted the joint venture agreement, testified[6] that the act of sale was set prior to May 31st but attempts to contact Smith were to no avail and Smith had failed to appear at the scheduled time.
Accordingly, since the suspensive condition in the agreement was not fulfilled and the fulfillment was not prevented by either party,[7] the contract was null and no rights flowed to either party. We affirm the trial court’s judgment dismissing plaintiff’s suit.
AFFIRMED.
REDMANN, J., dissents and assigns reasons.

. The credit sale is signed by a representative of Lake Vista Estates, Inc., the vendor, and by Smith as president of Boar Tusk Lodges, Inc., the vendee.

. LSA-C.C. art. 2186 reads as follows:
“Art. 2186. To constitute a novation, there must be, at the time it is made, a valid obligation on which it can operate; if the first obligation, which it is intended to replace by the new one, be void, or if there be no such obligation, then the new obligation [is] of no effect.”

. LSA-C.C. art. 2021 reads as follows:
“Art. 2021. Conditional obligations are such as are made to depend on an uncertain event. If the obligation is not to take effect until the event happens, it is a suspensive condition; if the obligation takes effect immediately, but is liable to be defeated when the event happens, it is then a resolutory condition.”

.LSA-C.C. art. 2047 reads as follows:
“Art. 2047. In all cases the dissolution of a contract may be demanded by suit or by exception; and when the resolutory condition is an event, not depending on the will of either party, the contract is dissolved of right; but, in other cases, it must be sued for, and the party in default may, according to circumstances, have a further time allowed for the performance of the condition.”

. See LSA-C.C. art. 2186, supra footnote 2.

. The trial judge properly permitted Roundtree to testify, over plaintiff’s objections. Plaintiff complained that Roundtree was not listed in the pretrial order. However, the trial judge permitted the testimony in rebuttal of plaintiffs testimony that arrangements had been made by Roundtree for the act of sale to be passed on June 1, 1977 and that Roundtree took Smith to the attorney’s office where the act of sale was to have been passed, but the office was closed.

. LSA-C.C. art. 2040 reads as follows:
“Art. 2040. The condition is considered as fulfilled, when the fulfillment of it has been prevented by the party bound to perform it.”