**REVISED January 27, 2015**
# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31012
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2015

Lyle W. Cayce
Clerk

KEVIN D. SCHMIDT; MONICA SAGELY WELLS SCHMIDT,

Plaintiffs–Appellants,

versus

J-LU COMPANY LIMITED, L.L.C.,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CV-507

Before SMITH, WIENER, and ELROD, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31012

Kevin and Monica Schmidt sued J-Lu Company Limited, L.L.C. ("J-Lu"), claiming it breached an oral agreement regarding three oil wells. The district court dismissed because Louisiana law requires this agreement to be in writing. We agree and affirm.


I.

According to the Schmidts' complaint, they entered into an oral agreement with J-Lu to fracture an oil well hydraulically. The agreement specified that they would pay for one well to be hydraulically fractured, the profits from that well would fund the hydraulic fracturing of two others, and J-Lu would split its working interest in the three wells with the Schmidts. Despite this agreement, J-Lu negotiated a deal with Will-Drill Operating Company ("Will-Drill") to fracture the same wells. Will-Drill did so and is successfully producing oil.

The Schmidts sued to enforce their agreement with J-Lu. The only injury they claimed was the loss of the profits to which they would have been entitled under the agreement. The district court granted J-Lu's motion to dismiss because agreements transferring interests in mineral rights require a writing under Louisiana law, and the agreement here was oral. *See* LA. CIV. CODE ANN. art. 1839; LA. REV. STAT. ANN. § 31:18.

The Schmidts assert three errors. First, they contend that their complaint adequately pleaded the existence of a partnership between J-Lu and the Schmidts, the creation of which does not require a writing. Second, they state that J-Lu is equitably estopped from denying the existence of the agreement. And third, they assert that the writing requirement of Article 1839 is a condition of the contract that must be treated as fulfilled.

2

No. 14-31012

We review a dismissal *de novo*. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). We accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*.

II.

The Schmidts contend that their complaint states a claim because it alleges that they and J-Lu formed a partnership, which does not require a writing. That argument fails, however, because the transfer of immovable property to a partnership still requires a writing. The complaint does not allege that a partnership existed between the Schmidts and J-Lu when J-Lu acquired the immovable property, nor does it allege that J-Lu acquired the property in the name of a partnership between the two. *See* LA. CIV. CODE ANN. art. 2806. Even if J-Lu orally created a partnership with the Schmidts for the purpose of transferring an interest in the property to them, that promise does not comply with Article 1839 and therefore is not an enforceable agreement.

III.

The Schmidts invoke equitable estoppel, contending that J-Lu waived the requirement that the transfer be in writing. Louisiana's courts of appeal are divided on whether parties can be estopped from invoking the requirements of Article 1839.[1] The Louisiana Supreme Court unequivocally characterized an earlier version of Article 1839 as substantive and not subject to waiver in litigation. *See Little v. Haik*, 163 So. 2d 558, 562 (La. 1964). Several

---

[1] Some of these cases refer to Article 2275 of the Louisiana Civil Code. Before amendment in 1984, Article 2275 contained the immovable-property recording requirement now located at Article 1839. The two provisions are not materially different.

No. 14-31012

courts of appeal have followed that logic and held that the parties cannot waive or abrogate Article 1839.[2]  One court of appeal, however, estopped a party from denying the existence of an oral agreement regarding immovable property where the denying party convinced the other party that a writing was not necessary.  *See Pittman v. Pomeroy*, 552 So. 2d 983, 989 (La. App. 2d Cir. 1989).  Several courts since *Pittman* have at least considered estoppel arguments premised on the plaintiff's being "lulled" into thinking a writing was unnecessary,[3] but the applicability of equitable estoppel generally to Article 1839 remains uncertain.

We do not need to guess at the resolution of this question.  Even if the Louisiana Supreme Court were to allow equitable estoppel to overcome an Article 1839 defect, it would require the ordinary elements of estoppel to be met: a representation, justifiable reliance, and a detrimental change to one's position because of that reliance.  *Wilkinson v. Wilkinson*, 323 So. 2d 120, 126 (La. 1975).  Indeed, when Louisiana added the equitable-estoppel remedy of detrimental reliance in 1985, it kept these same requirements.[4]  The Schmidts have not pleaded that they relied on the oral agreement or that they suffered a detrimental change to their position because of that reliance.

If the Schmidts' equitable-estoppel claim is based more specifically on a claim that they were lulled into believing a writing was unnecessary, it fails at

---

[2] *See Crain v. Dore*, 578 So. 2d 555, 557 (La. App. 3d Cir.), *cert. denied*, 581 So. 2d 694 (La. 1991); *Drachenberg v. Parish of Jefferson*, 563 So. 2d 523, 526 (La. App. 5th Cir. 1990); *Jones v. Hosp. Corp. of Am.*, 516 So. 2d 1175, 1177 (La. App. 2d Cir. 1987); *Dunham v. Dunham*, 467 So. 2d 555, 562 (La. App. 1st Cir.), *cert. denied*, 469 So. 2d 989 (La.), *and cert. denied*, 469 So. 2d 990 (La. 1985).

[3] *See Cottingim v. Vliet*, 19 So. 3d 26, 29–30 (La. App. 4th Cir. 2009); *Prime Income Asset Mgmt., Inc. v. Tauzin*, 981 So. 2d 897, 904 (La. App. 3d Cir. 2008).

[4] LA. CIV. CODE ANN. art. 1967; *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37, 58–59 (La. 2005) ("To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance.").

No. 14-31012

the outset because they have not pleaded a misrepresentation about the necessity of a writing. *See Pittman*, 552 So. 2d at 989; *Cottingim*, 19 So. 3d at 32–33. Assuming *arguendo* that the Louisiana Supreme Court would apply equitable estoppel to oral agreements transferring immovable property, the Schmidts have failed to plead the necessary elements to make out a claim.

IV.

The Schmidts contend that putting the agreement in writing was an implied condition of the agreement. Louisiana law treats a condition as satisfied if the party benefiting from a condition's nonoccurrence is at fault for that nonoccurrence. LA. CIV. CODE ANN. art. 1772. According to the Schmidts, J-Lu was at fault for the agreement's not being put in writing, so that condition should be considered satisfied.

We disagree. Without producing a writing as required by Article 1839, the Schmidts cannot carry their burden of demonstrating the existence of obligations between them and J-Lu regarding the mineral rights. *See* LA. CIV. CODE arts. 1831, 1832. To hold that the writing requirement of Article 1839 is just a condition whose occurrence can be presumed from the fault of a party would be to gut this substantive requirement and require courts to determine whether an agreement exists before looking to the writing requirement, a reversal of the prescribed statutory regime.

The Schmidts cite one case in which a court of appeal treated the writing requirement as a condition under the precursor to Article 1772. In *Briggs v. Siggio*, 285 So. 2d 324 (La. App. 3d Cir. 1973), *cert. denied*, 288 So. 2d 641 (La. 1974), Charles Briggs had a contractual right to purchase a tract of land in the first nine months of the year for several years. The contract specified that the option had to be exercised in writing, and Article 1839's precursor likewise required the exercise to be in writing. Nonetheless, the landowner allowed Briggs to exercise the option orally in 1970, orally accepted an oral exercise of

the option in 1972, and waived the writing requirement. When the landowner attempted to renege on the 1972 sale despite orally confirming the sale and taking actions required for him to sell the land, Briggs sued. The court held that the landowner was at fault for the lack of a writing and that the writing requirement would be treated as satisfied. *Id.* at 327. According to the Schmidts, this case supports treating Article 1839 as a condition.

If a contract states that some obligation requires a writing to trigger, that writing may be a condition under Louisiana law and be subject to Article 1772. But the Louisiana courts would not treat the substantive requirement of Article 1839 as a condition. Most courts that have examined *Briggs* have portrayed it as supporting the estoppel argument, namely, that Article 1839 was waived in *Briggs* because of the landowner's affirmative representations that a written exercise was unnecessary.[5] One court looked at the alternative means of satisfying Article 1839's predecessor statute—actual delivery plus a confession of the agreement under oath—and specifically disclaimed that those requirements were conditions. *See Sigrest v. Singletary*, 540 So. 2d 382, 384 (La. App. 1st Cir. 1989). The decision in *Briggs* that the writing requirement is a condition subject to Article 1772 has not been widely adopted by Louisiana courts, and there is no apparent reason why the Louisiana Supreme Court would adopt such a narrowing interpretation of Article 1839.

AFFIRMED.

---

[5] *See Prime Income*, 981 So. 2d at 904; *Cottingim*, 19 So. 3d at 29–30; *Drachenberg*, 563 So. 2d at 525; *see also Pittman*, 552 So. 2d at 988–89 (characterizing *Briggs* as a decision about Article 1772's predecessor statute but expressly declining to specify whether it was adopting that reasoning or invoking estoppel).